LEO ALSHEIMER v. RUSSELL PALMER, *et al.*

161 So. 559.
Division B.
Opinion Filed May 15, 1935.

*Stewart & Stewart* and *Philip E. Buck,* for Appellant;

*Scarlett & Futch* and *Jordan & Fielding,* for Appellees.

BUFORD, J.—The appeal here is from an order to dismiss a bill of complaint after issues were joined and full testimony taken and submitted to the court on final hearing. The suit was instituted by bill in chancery to foreclose an alleged lien for material and labor furnished under a contract between the appellant and some of the appellees.

The record showed that appellant had entered into a contract with certain of the appellees to furnish materials and labor for certain construction on a parcel of the land described in the notice of lien and in the bill of complaint. The contract provided that appellant should be repaid the amount which he was required to expend for labor and material and in addition thereto was to be paid ten per cent. (10%) of the amount so expended for his services in performing the contract.

The record shows conclusively that appellant made false, fraudulent and fictitious charges for both labor and material, although the Chancellor found that the excess charges made for material were not of great consequence. Yet, it is shown that appellant did charge appellees a higher price than he paid for material and that he consistently padded the pay-roll and charged a greater amount for all labor than he was required to pay and did pay for labor. Because of this showing, the Chancellor held that the appellant, complainant in the court below, did not come into a court of equity with clean hands, that he sought to enforce a lien

for an amount which was not due him and which was arrived at by padding of accounts in breach of his contract.

The record also shows that the labor performed and material furnished was so furnished and performed on only a part of the lands described in the notice of lien and in the bill of complaint and that other lands described in the notice of lien and in the bill of complaint were not contiguous to, but were separated from, those lands or that parcel of land on which the materials were furnished and labor performed.

We think that the Chancellor's conclusion that the complainant did not come into a court of equity with clean hands, but came there attempting to enforce a false and fictitious claim based upon padded accounts which he had caused to be made up with the design, and for the purpose, of collecting from defendants more than his contract entitled him to collect, is sustained by the record and that the bill of complaint was properly dismissed. See Langford v. Reed, 69 Fla. 198, 68 Sou. 723.

Appellants contend that the Chancellor was not warranted in dismissing the bill, even if he found complainant not entitled to relief in equity, but that he should have ordered the cause transferred to the law side of the docket, as provided in Section 75 of Chapter 14658, being the 1931 Chancery Practice Act.

We do not think this is one of the cases that the Chancellor is required by that statute to order transferred to the law side of the docket. The bill was not dismissed because the complainant had a clear, adequate and complete remedy at law, but it was dismissed because the record showed that he had falsified his accounts and had come into a court of equity seeking to enforce a lien based upon fraudulent and fictitious charges and in such cases a court of equity should not lend its assistance to the wrong-doer to the end

338

that his claim, whatever it may be, may be kept active, enforceable and not barred by the statute of limitations.

The decree appealed from should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL and DAVIS, J. J., concur.