SMITH, CULVER, Associate Judge.
This appeal is from a final judgment entered in the Court below, based upon a ju *805 ry verdict finding the defendant not guilty. Appellants, as plaintiffs, had filed an action numbered 4305 against Leslie M. Heitel and the Appellee, his wife. During the course of the litigation, Appellee became mentally ill and her husband was appointed as her guardian ad litem. In the suit, it was alleged that Leslie M. Heitel, who will be hereafter referred to as the husband, acting for himself and as agent for his wife, constructed a defective fireplace in a house owned by the defendants. The house was then sold to Appellants, who built a fire in the fireplace. It was further alleged that because of the defective construction of the fireplace, the house caught fire and was partially destroyed. Appellants also filed case number 4306 against the husband alone, as a builder, claiming damages for his negligent construction of the fireplace. On motion, the cases were consolidated for purpose of trial. The jury rendered the verdict in favor of Appellee, as hereinbefore stated, in case 4305. A verdict, recited by the trial Court in its final judgment, was rendered against the husband, assessing damages against him. It reads: “We, the jury, find the issues in this cause for the plaintiffs and against the defendant, LESLIE M. HEITEL, and assess the plaintiff’s damages as follows * * * (Italics ours.) This verdict and judgment bears both numbers 4305 and 4306.
No appeal has been taken by any of the parties from this judgment. It is the position of the appellants that since they have appealed only in case 4305, case 4306 cannot be considered. They strongly urge that verdict and judgment was rendered against the husband in case 4305 and, since he was appellees agent, the judgment in her favor cannot be allowed to stand, and that appellants’ motion for judgment notwithstanding the verdict, timely made, should have been granted by the trial Court.
It occurs to us that one question has been overlooked by appellants. Was the joint verdict and judgment against the husband based on the claims made in case 4305 or case 4306? None of the evidence is before us, and, in fact, it could not be considered either by this Court, or the trial Court in passing upon appellants’ motion for judgment notwithstanding the verdict. Such a motion must be based on matters appearing on the face of the record. 19 Fla.Jur. § 38, page 59.
These causes now under discussion were consolidated for purposes of trial, thus preserving their separate identities. No objection appears to have been raised as to the form of the verdict against the husband, either at the trial, or later. Verdicts should be construed to carry out a jury’s intention. Its intent is to be arrived at by regarding the verdict liberally.
In Atlantic Coast Line R. Co. v. Price (Fla.), 46 So.2d 481, although the factual situation was not the same as the one under consideration, a statement of the Supreme Court would seem to apply to the instant case. The Court said:
“Although the form of the verdict was imperfect when the jury made it apply where there was a finding against one plaintiff and for the others, still we think their intent was plain, and this, after all, is the test. No objection was made at the time the verdict was presented, and we understand it did not occur to court or counsel that there was any irregularity until after the jury had dispersed. In such circumstances, exception to the form was waived.”
In the matter before us, no objection to the form of the verdicts was raised. We must also assume that the jury was properly instructed as to what verdicts could be rendered. In attempting to ascertain the jury’s intention, it is clear it intended that no recovery be made against appellee. It is also clear it intended that appellants recover a verdict for damages against the husband. Its intention as to the case, in which recovery should be had, is not entirely clear. Appellants assume either that recovery was in both cases, or *806 in case 4305. The former assumption cannot stand, because the cases were not consolidated into one, but were only consolidated for purposes of trial. The latter assumption, under the circumstances here, is no stronger than an assumption that recovery is intended in case 4306, which in fact, would appear more logical.
In 2 Fla.Jur. § 314, page 567, it is stated:
“A judgment, order, or ruling of the trial court is generally presumed to be correct. A verdict is likewise presumptively correct. The presumption exists as a matter of law, and extends to procedural matters as well as all other matters in which the trial court acts within its jurisdiction.” (Italics ours.)
We hold that the trial Court did not commit reversible error in denying appellants’ motion for judgment notwithstanding the verdict and in entering judgment for appel-lee.
Affirmed.
SHANNON, C. J., and ALLEN, J., concur.