PEARSON, Judge.
The appellant in its amended complaint sued defendant-appellee Mike Albert upon one theory of liability and defendant-appel-lee Harbor Island Spa upon a different theory of liability. Subsequently, the defendants-appellees cross-claimed against each other. After trial of the cause the jury returned two verdicts, one in favor of the defendants-appellees and against the plaintiff-appellant on the plaintiff-appellant’s claim,[1] the other in favor of Harbor Island Spa and against Mike Albert on the cross-claims. The damages in the verdict on the cross-claims were assessed at “none dollars.” This appeal is from a final judgment which ordered that the plaintiff-appellant “take nothing by its suit.”
In its first point the appellant argues that there must be a new trial because the jury returned inconsistent verdicts, since a finding of any responsibility between the cross-claiming defendants-appellees is inconsistent with a finding of no liability on the part of either defendant-appellee to the plaintiff-appellant.
We do not think verdicts are inconsistent if they show that the jury had only one intent. “Verdicts should be construed to carry out a jury’s intention.” Dicosola v. Heitel, Fla.App.1962, 138 So.2d 804. The verdicts in the present case clearly show that the jury intended not to allow the appellant to recover damages from either of the appellees. We hold that the verdicts are not inconsistent and that the appellant is therefore not entitled to a new trial on the ground of inconsistent verdicts.
The appellant’s second point, a claim that the charges to the jury were confusing, does not present reversible error in view of the appellant’s failure to object to any charge. See Plaks v. Florida East Coast Railway Company, Fla.App.1965, 175 So.2d 216, 218. But cf. Louisville & Nashville Railroad Company v. Flournoy, Fla.App.1961, 136 So.2d 32, 34.
Affirmed.

. “We the Jury, find in favor of the Defendants, MIKE ALBERT and HARBOR ISLAND SPA, and against the Plaintiff, ADVANCE COMPANY, INC., a Florida corporation, d/b/a TH.E RACQUET CLUB. So say we all.”