HENDRY, Judge.
The appellant, Florida Power & Light Company, (hereinafter F. P. & L.) was the plaintiff below. It brought this action in the Circuit Court of Dade County to recover the costs of its defense in another law suit which was brought against the company by an individual seeking damages for personal injuries. F. P. & L.’s cause of action was that appellee, Nat Harrison Associates, Inc. (hereinafter, Harrison) was obligated, pursuant to a contract entered into with F. P. & L., to indemnify the power company for expenses of litigation which arose from any claim as to Harrison’s negligence. In its answer, Harrison denied any allegations as to its own negligence, or breach of contract, and raised the affirmative defense of res judi-cata. Thereafter, Harrison moved for summary final judgment in its favor, which was granted by the court. The court found as follows:
“THIS CAUSE came on to be heard upon the Motion for Summary Judgment of NAT HARRISON ASSOCIATES, INC., and the Court having heard argument of counsel and being otherwise advised in the premises, and the Court finding as follows: That from the Court’s examination of the pleadings in this cause and particularly the contract between the parties, the copy of the complaint in the case of Ronald Sickler vs. Florida Power & Light Company, in the Circuit Court of the Eleventh Judicial Circuit of Florida, Case No. 60 L 1066, and the legal opinion set forth in the case of Nat Harrison Associates, Inc., vs. Florida Power & Light [Fla.App.], 162 So.2d 298, there is no issue of fact *337 remaining to be determined in this cause and that Defendants are entitled to a Judgment as a matter of law. The Court further finds that the defense of Res Judicata does not apply in this case, thereupon, it is,
“ORDERED AND ADJUDGED that Judgment be, and it is hereby, entered in favor of the Defendant NAT HARRISON ASSOCIATES, INC., and against the Plaintiff FLORIDA POWER & LIGHT COMPANY and that the said Plaintiff take nothing by its suit.”
Thus, in order to examine the correctness of the trial court’s final summary judgment, we must turn to the opinion of this court rendered in Nat Harrison Associates, Inc. v. Florida Power & Light Company, supra. In that case, this court concluded that, as a matter of law, the same contract which forms the basis of F. P. & L.’s cause of action in this case did not there establish an obligation of Harrison to indemnify F. P. & L. for the defense of the personal injury action referred to above. That holding was predicated on the principle that the contractual provision here sued upon does not provide for indemnification from the alleged results of the indemnitee-company’s own negligence. See also Gulf Oil Corporation v. Atlantic Coast Line R. Co., Fla.App.1967, 196 So.2d 456.
We are in agreement with the conclusion reached by the trial court. Under the decision of Nat Harrison Associates, Inc. v. Florida Power & Light Company, supra, it can readily be seen that Harrison has no obligation to repay F. P. & L. for expenses that the power company incurred when it defended a claim which was based solely on alleged negligence of the power company itself. See also Continental Casualty Co. v. Florida Power & Light Co., Fla.App. 1969, 222 So.2d 58, Third District Court of Appeal.
Therefore, for the reasons given above, the final summary judgment being appealed is hereby affirmed.