437 So.2d 191 (1983)
Herbert S. FREEHLING, Trustee in Bankruptcy, Appellant,
v.
MGIC FINANCIAL CORPORATION, Appellee.
No. 81-1999.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
*192 Gary M. Farmer of Goldberg, Young & Borkson, P.A., Fort Lauderdale, for appellant.
Paul R. Lipton of Paul R. Lipton, P.A., North Miami Beach, for appellee.

ON REHEARING
DELL, Judge.
This court's opinion of April 20, 1983, is hereby withdrawn and the following opinion is substituted therefor.
Bryan A. Graydon, property owner and mortgagor, and Herbert S. Freehling, his trustee in bankruptcy, appeal from a final summary judgment of foreclosure in favor of MGIC Financial Corporation, mortgagee.
Graydon and MGIC entered into an agreement to take over the Players' Club. As part of this agreement, Graydon borrowed money from MGIC to purchase the club. Each party agreed to make certain payments as part of their agreement. Graydon subsequently defaulted on mortgage payments, and MGIC filed an action to foreclose its mortgage in the circuit court. However, before MGIC could obtain service of summons and complaint, Graydon filed a voluntary petition in bankruptcy, which resulted in an automatic stay of the foreclosure suit under 11 U.S.C. § 362. MGIC filed its complaint to lift the stay pursuant to § 362(d)(1) which permits the bankruptcy court to grant such relief for cause. "Cause" includes a situation where an interested party lacks adequate protection of his interest in the property. The bankruptcy court made extensive findings of fact on the many financial matters raised by the parties, including a finding that certain actions by Graydon placed MGIC's secured interest in the property in jeopardy. In its final judgment, the bankruptcy court ordered Graydon to take certain actions and provided that if Graydon failed to comply with these orders, then the automatic stay would be modified to permit MGIC to pursue its foreclosure complaint in the Florida circuit court. Appellee thereafter filed in the bankruptcy court various motions alleging appellant's non-compliance with the final *193 judgment. The bankruptcy court held a hearing which resulted in an order providing that if Graydon did not take certain actions by a specified date, then "the automatic stay is automatically lifted to permit [appellee], MGIC, to proceed with and complete its foreclosure action in the Circuit Court of the State of Florida."
Graydon did not comply. MGIC filed in the circuit court copies of portions of the bankruptcy record and an affidavit of non-compliance. MGIC later filed a motion for summary judgment, and Graydon filed an affidavit in which he alleged that the parties disagreed as to the amount of money MGIC owed to Graydon, which Graydon claimed as a set-off. The circuit court took judicial notice of the bankruptcy case, found no material issue other than that which the bankruptcy court previously ruled upon, and entered summary judgment in favor of MGIC.
Appellants present three points on appeal, all of which interrelate and all of which depend upon the resolution of a single issue: whether the findings and conclusions of the bankruptcy court, made on a complaint for relief from automatic stay, bind the Florida circuit court in this foreclosure proceeding.
In its motion for summary judgment, appellee argued that the findings and conclusions of the bankruptcy court, incorporated into its final judgment, rendered any possible defense res judicata. We disagree.
To bring the doctrine of res judicata into valid play there must be (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made. If these conditions do not concur, the doctrine of res judicata is not applicable. [Citation omitted.] The effect of res judicata is that the judgment constitutes an absolute bar to a subsequent action.
Seaboard Coast Line R. Co. v. Industrial Contracting Co., 260 So.2d 860, 862 (Fla. 4th DCA 1972) [original emphasis].
In the foreclosure action, appellee sought an accounting of the sum due from appellant, and if the sum be not satisfied, then sought a forced sale to recoup the sum due. Alternatively, appellee asked permission to take over operation of the club pursuant to a provision therefor in the mortgage. In the bankruptcy court, however, appellee had filed a complaint to lift stay, by which he sought none of the above stated relief, but merely sought the permission of the bankruptcy court to proceed with foreclosure in the circuit court. Accordingly, there is no identity in the thing sued for and res judicata does not apply.
This determination, however, does not put the matter at rest. The doctrine of collateral estoppel applies where two causes of action are different. The judgment in the first suit estops the parties from relitigating in the second suit those issues which were common to both causes of action and which were actually litigated in the original suit. Seaboard, supra. The party claiming the benefit of collateral estoppel bears the burden to show that such an issue was formerly determined with sufficient certainty.
Here, appellant contends he is entitled to a set-off for certain sums which appellee owes to him. Whether appellee owed appellant any money was placed in issue in the bankruptcy proceeding by appellant's contention that appellee owed him more than he owed appellee, and therefore he was not in default. The bankruptcy court found against appellant on this point because "even giving [appellant] credit for all of the amounts owed to him by MGIC, [appellant] was nevertheless in default on his payments on the mortgage note... ." This indicates that appellee owes appellant something for which the circuit judge made no provision in the final summary judgment of foreclosure. The bankruptcy court further determined certain sums which appellee owed directly to Graydon under their agreement. However, with respect to $11,147.14 *194 held in a trust account maintained for the payment of repairs and capital improvements, the bankruptcy court determined that MGIC is liable for these costs to the maximum of $11,147.14, but due to insufficient evidence could not assess any amount. Finally, in his affidavit resisting summary judgment, appellant contended that the bankruptcy court determined that appellee owed him approximately $75,000, which amount remains in dispute. Although this figure corresponds to nothing which we find in the findings and conclusions of the bankruptcy court or its final judgment, the affidavit sufficiently brought the unresolved status of $11,147.14 to the trial court's attention, and demonstrates an issue of fact unresolved by the bankruptcy court. Accordingly, appellee did not demonstrate with sufficient certainty that the bankruptcy court actually adjudicated the amount of appellant's set-off, and collateral estoppel does not apply.
We hold that appellant's affidavit raises an issue of fact as to a claimed set-off sufficient to preclude entry of summary judgment.
REVERSED and REMANDED.
PURDY, H. MARK, Associate Judge, concurs.
HURLEY, J., concurs in the result.