FERGUSON, Judge
(dissenting).
The trial court decision appears to stand for the novel principle that:
An unpaid material supplier which is an assignee of rights under a mechanic’s lien filed by a contractor, may be held affirmatively liable to the owner of the liened property for compensatory and punitive damages arising out of the claim lien and the underlying construction contract if the assignee-supplier sues to enforce the claim, even though it did not expressly assume the assignor-contractor’s liabilities or obligations.
The appellant Banner is a building supplier. It sold goods to Crown (a former party to this action), which were used by Crown, a subcontractor, in the construction of a building owned by the appellee Habitat. Crown never paid Banner the $24,000 it owed for the building materials. In 1985 Banner brought an action against both Crown and Habitat. Crown apparently became insolvent during the litigation. Banner, thereafter, accepted from Crown an assignment of its rights under Crown’s mechanic’s lien to proceed against Habitat for the $24,000 in building materials then incorporated into Habitat’s building. Crown was dismissed.
All work in the construction project had been completed, and the claim of lien had been filed before the rights under the claim of lien were assigned to Banner. The assignment included no express assumption of obligations or liabilities of Crown to Habitat. Banner undertook to prosecute its claim for $24,000 by virtue of the assignment and was obligated, necessarily, to meet Habitat’s affirmative defenses. The trial court found that Crown was liable to Habitat for fraudulently overstating the lien and assessed compensatory and punitive damages against Crown in the amount of $92,067.00 which it ruled Banner was obligated to pay by virtue of the assignment of rights from Crown to Banner and Banner’s prosecution of the claim.
Application of the case law on assignments, including decisions of the Florida Supreme Court and this court, requires a reversal. Jenkins v. City Ice & Fuel Co., 118 Fla. 795, 160 So. 215 (1935) (the assignment of a contract does not give to the other party to the original agreement a right of action against the assignee for its breach, nor is mere assignee liable unless he expressly agreed to be bound); De La Rosa v. Tropical Sandwiches, Inc., 298 So.2d 471 (Fla.3d DCA 1974) (an assignment of rights under a contract does not include an assumption of obligations or liabilities the assignor may have to other parties to the contract unless expressly agreed to by the assignee), cert. denied, 312 So.2d 760 (Fla.1975); see also Sans Souci v. Div. of Fla. Land, Sales & Condos., 448 So.2d 1116 (Fla. 1st DCA 1984) (assignment normally involves the assignee’s acquiring of rights, not obligations of the assignor); Dependable Ins. Co. v. Landers, 421 So.2d 175 (Fla. 5th DCA 1982) (generally unless the assignee assumes the assignor’s duties or liabilities, assignee is not affirmatively liable to debtor).
Other respectable authorities state the principle as an axiom. 6A C.J.S. Assign- *3 merits § 92, at 748 (1975) (in the absence of an express contract provision, an assignee is not required to assume the original responsibilities of the assignor); 6A C.J.S. Assignments § 94, at 749 (1975) (as a general rule, unless there has been an express assumption of liability, the assignee is not liable to the debtor for liabilities incurred by the assignor or in connection with the subject matter of the assignment); 6 Am. Jur.2d Assignments § 109, at 291 (1963) (it is a general principal that an assignment of a contract does not operate to cast upon the assignee the duties and obligations or the liabilities imposed by the contract on the assignor, in the absence of the assign-ee’s assumption of such liabilities); 4 Fla. Jur.2d Assignments § 19, at 99 (1978) (the mere assignment of a personal contract does not operate to cast upon the assignee obligations or liabilities imposed by the contract on the assignor, in the absence of assumption of such liabilities by the assign-ee).[1]
It is also clear from the language of the Mechanic’s Lien Statute that punitive damages are intended to be imposed upon only the actual wrongdoer — “the lienor who files a fraudulent lien” — and not upon successors in interest. § 713.31(2)(c), Fla.Stat. (1985). The statute is thus consistent with common law teachings that a person cannot be held liable for punitive damages unless he committed or participated in the act giving rise to the claim, or authorized another person to commit the act. See generally C. McCormick, Damages §§ 77-80 (1935); Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981); Ingram v. Pettit, 340 So.2d 922 (Fla.1976); Auto-Owners Ins. Co. v. Hooks, 463 So.2d 468 (Fla. 1st DCA 1985).
Although Crown’s fraudulent acts may be asserted by Habitat as a complete defense to Banner’s claim, Hobbs Constr. & Dev., Inc. v. Presbyterian Homes of the Synod of Fla., 440 So.2d 673 (Fla. 1st DCA 1983); § 713.31(2)(a), (b), Fla.Stat. (1985), Habitat’s damages arising out of Crown’s fraudulent conduct, over and above the amount of Banner’s assigned claim, were not bargained for, and thus are not Banner’s obligations. Dependable Ins. Co., 421 So.2d at 179. Contrary to what is suggested, the fact that Banner sued to enforce its rights under the assignment does not expose it to liabilities beyond the terms of the contract. None of the cases cited in the majority opinion hold to the contrary.
Banner is entitled to a rehearing en banc and reversal of the judgment.
DANIEL S. PEARSON and JORGENSON, JJ., concur.

. The result followed predictably from the court’s early misstatement of the law:
The Court:
******
I said simply when you take an assignment, you also take it as it is and not only the rights but the liabilities.
******
I already stated very simply, and I made it as clear as I could back at that [prior] hearing that you can not take the rights without the liabilities.
Undoubtedly the ruling was influenced by the fact that Habitat had already alleged fraud in Crown's lien before the lien was assigned to Banner. In my view that pleading only placed Banner on notice of Habitat’s defense to the lien claim.