511 So.2d 642 (1987)
SKIDMORE, OWINGS AND MERRILL, the Bared and Company, U.S. Development, R.C. Steel Placing Company, Inc., and Old Republic Insurance Company, Appellants,
v.
The VOLPE CONSTRUCTION CO., INC., and Federal Insurance Company, Inc., Appellees.
Nos. 85-2575, 85-2756, 86-165 and 86-228.
District Court of Appeal of Florida, Third District.
July 28, 1987.
Rehearing Denied September 18, 1987.
*643 Murai, Wald, Biondo, Matthews & Moreno and Cristina L. Mendoza and Joseph Matthews; Taylor, Brion, Buker & Greene and James W. Moore, Miami, Kirkland & Ellis and Steven Harper and Jack Roberts, Chicago, Ill., Kimbrell & Hamann and Edith G. Osman; Daniels & Hicks and Barbara Green; Welbaum, Zook, Jones & Williams, R. Earl Welbaum and W. Frank Greenleaf, Miami, for appellants.
Rosenberg, Reisman & Glass, Steven Reisman, James Glass, and Michele B. Softness, Miami, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
Construction of the Interterra Building gave rise to litigation involving the owner, architect, general contractor, numerous subcontractors, and various insurers. In these consolidated appeals, we are asked to reinstate the jury verdict; and to decide whether one of the claims is barred by a ruling in a prior lawsuit; whether a claim of lien is fraudulent; whether an award of attorney's fees is appropriate; and whether some of the parties are entitled to indemnification. Although we have considered the merits of each claim, we address only the major points necessary for disposition.
The first subject of review is the trial court's entry of judgment notwithstanding the jury verdict. A verdict is presumed correct and should be construed to give effect to the jury's intent. Phillips v. Ostrer, 481 So.2d 1241, 1246 (Fla. 3d DCA 1985), review denied, 492 So.2d 1334 (Fla. 1986); Advance Co. v. Albert, 216 So.2d 474 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 526 (Fla. 1969); Dicosola v. Heitel, 138 So.2d 804 (Fla. 2d DCA 1962). In this case, the jury intended to return a verdict in favor of Volpe Construction Company [Volpe] on its contract claim and in favor of U.S. Development Corporation [U.S. Development] on its negligence claim against Volpe, according to the jury's responses to verdict interrogatories. The trial court entered judgment for Volpe as to the contract claim, but overturned the negligence verdict.
A trial court may grant a motion notwithstanding the verdict only where the jury's determination is not supported by the evidence. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Anderson, 501 So.2d 635 (Fla. 1st DCA 1986); Collins v. School Bd. of Broward County, 471 So.2d 560, 563 (Fla. 4th DCA 1985), writ dismissed, 491 So.2d 280 (Fla. 1986); see Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA), review denied, 478 So.2d 54 (Fla. 1985). Finding record support for the jury verdict, we hold that the trial court erred in entering a judgment in favor of Volpe notwithstanding the jury's finding that Volpe was negligent. We therefore reverse the trial court's judgment notwithstanding the verdict and remand with directions to reinstate the verdict finding Volpe negligent and enter judgment in favor of U.S. Development in accordance with the verdict.[1]
We turn next to U.S. Development's contention that the trial court erred in ruling that a prior judgment in favor of Dixie Metal Products, Inc. [Dixie], a subcontractor, precluded U.S. Development *644 from asserting a claim against Volpe for defective guardrail installation. The doctrine of collateral estoppel bars relitigation by parties or their privies of issues common both to the present action and to the action previously litigated. Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984); Freehling v. MGIC Fin. Corp., 437 So.2d 191, 193 (Fla. 4th DCA 1983); Coplan Pipe & Supply Co. v. Central Bank & Trust Co., 362 So.2d 447 (Fla. 3d DCA 1978). As the party claiming the benefit of collateral estoppel, Volpe had to demonstrate identity of the issues and of the parties or their privies. Krug v. Meros, 468 So.2d 299, 302 (Fla. 2d DCA), review denied, 480 So.2d 1295 (Fla. 1985); Freehling; Allstate Ins. Co. v. A.D.H., Inc., 397 So.2d 928 (Fla. 3d DCA 1981). To meet that burden Volpe relied on the disposition reached in an earlier action culminating in a decision against U.S. Development on the guardrail claim. However, the final judgment in Dixie Metal Prod., Inc. v. U.S. Dev. Corp., No. 82-24323 (Fla. 11th Cir.Ct. 1985), failed to indicate which of the various asserted theories gave rise to the judgment. Thus, the pleadings relied on by Volpe are "totally inadequate to show what was litigated and decided in the first action." A.D.H., Inc., 397 So.2d at 930 n. 5. Furthermore, the earlier pleadings do not show that Dixie and Volpe possessed the requisite identity of parties or their privies. See Romano; Smith v. Urquhart, 129 Fla. 742, 176 So. 787 (1937). We therefore hold the trial court erred when it ruled that collateral estoppel barred litigation of U.S. Development's guardrail claim against Volpe.
Next, U.S. Development asserts that Volpe's claim of lien is fraudulent and therefore invalid. We agree. § 713.31(2)(a), (b), Fla. Stat. (1981).[2] Included in Volpe's claim are amounts which are not recoverable under the contract, are not authorized, or are arbitrary. The inclusion of items not authorized by change orders or by contract renders the lien fraudulent and unenforceable. Hobbs Constr. & Dev., Inc. v. Presbyterian Homes, 440 So.2d 673 (Fla. 1st DCA 1983); see also Alsheimer v. Palmer, 119 Fla. 335, 161 So. 559 (1935) (padded accounts make lien unenforceable under common law applicable before enactment of mechanic's lien law). We therefore hold that the trial court erred in declaring Volpe's lien valid when the evidence discloses that Volpe willfully exaggerated its claim, and we direct the trial court to enter a judgment in favor of U.S. Development. Consequently, we reverse the trial court's award of attorney's fees on Volpe's mechanic's lien action. Harper Plumbing & Heating Co. v. Noel, 448 So.2d 587 (Fla. 5th DCA 1984); Atlantic Gardens Landscaping, Inc. v. Boca Raton Land Dev., Inc., 360 So.2d 1278 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1361 (Fla. 1979); § 713.29, Fla. Stat. (1985).
We turn next to claims by Skidmore, Owings & Merrill [SOM] against U.S. Development and Volpe. SOM maintains that the trial court erred in denying its motion for directed verdict on its breach of contract claim against U.S. Development. We disagree. Contrary to SOM's assertion that U.S. Development conceded that it owed SOM $126,666.67 on the U.S. Development/SOM contract, the record reveals that U.S. Development qualified this admission by noting that the balance due SOM was subject to adjustments for SOM's allegedly deficient performance. Thus, the *645 evidence presented a question of fact for the jury to decide. It is well-settled that "[d]irected verdicts should not be entered if the evidence is conflicting and permits different, reasonable inferences. The jury is the sole trier of facts and may draw any reasonable inference from the evidence submitted." Ligman, 466 So.2d at 1126 (citations omitted). Applying these principles, we conclude that the trial court correctly denied SOM's motion for directed verdict.
Next we address SOM's claim for indemnification from Volpe. SOM contends that the parties' contract provided that Volpe would indemnify SOM for claims against SOM arising out of Volpe's performance of the work. According to Volpe, the claims alleged by U.S. Development in its third-party complaint against SOM did not arise out of Volpe's performance or failure to perform. Contracts which attempt to indemnify a party for its own wrongful acts are viewed with disfavor and will be enforced only if they express such intent in clear, unequivocal terms. See Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Equip., Co., 374 So.2d 487 (Fla. 1979). We agree with Volpe that SOM was not entitled to indemnification from Volpe. Thus, SOM cannot recover attorney's fees and costs incurred in defending against U.S. Development's claims. Florida Power & Light Co. v. Nat Harrison Assocs., Inc., 223 So.2d 336 (Fla. 3d DCA), cert. denied, 234 So.2d 122 (Fla. 1969). We therefore affirm the trial court's denial of SOM's motion for judgment notwithstanding the verdict as to this issue.
Next, R.C. Steel Placing Company, Inc. [R.C. Steel] argues that the trial court awarded it inadequate attorney's fees and that it is entitled to recover attorney's fees paid to its lawyers by its own insurer, Old Republic Insurance Company. The trial court's failure to provide findings in accordance with Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), prevents us from deciding this issue. We therefore instruct the trial court on remand to comply with the mandate of Rowe. Culver v. Berkenfeld, 487 So.2d 416 (Fla. 4th DCA 1986). On remand for compliance with Rowe, the trial court should make findings concerning its bases for deciding R.C. Steel's entitlement to attorney's fees under section 627.428(1), Florida Statutes (1985), and should segregate claims pertaining to the surety bond, specifying those claims within the purview of section 627.428.
Finally, we turn to the issues raised by The Bared & Company [Bared]. Because the jury's verdict relating to Bared's claims is not against the manifest weight of the evidence, see Industrial Waste Serv., Inc. v. Henderson, 305 So.2d 42 (Fla. 3d DCA 1974), we affirm the final judgment. Bared's remaining point lacks merit.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[1] Volpe contended that parties to a contract may not simultaneously pursue claims for breach of contract and for negligent performance of that contract. We reject Volpe's contention. Claims for breach of contract and for negligence are not necessarily incompatible. Robertson v. Deak Perera (Miami), Inc., 396 So.2d 749, 750 (Fla. 3d DCA), review denied, 407 So.2d 1105 (Fla. 1981); Robsol, Inc. v. Garris, 358 So.2d 865 (Fla. 3d DCA 1978).
[2] Section 713.31(2)(a), (b), Fla. Stat. (1981), states:

(2)(a) Any lien asserted under this part I in which the lienor has willfully exaggerated the amount for which such lien is claimed or in which the lienor has willfully included a claim for work not performed upon or materials not furnished for the property upon which he seeks to impress such lien or in which the lienor has compiled his claim with such willful and gross negligence as to amount to a willful exaggeration shall be deemed a fraudulent lien.
(b) It shall be a complete defense to any action to enforce a lien under this part I, or against any lien in any action in which the validity of the lien is an issue, that the lien is a fraudulent lien; and the court so finding is empowered to and shall declare the lien unenforceable, and the lienor shall thereupon forfeit his right to any lien on the property upon which he sought to impress such fraudulent lien.