528 So.2d 411 (1988)
WILLIAM DORSKY ASSOCIATES, INC., Appellant,
v.
HIGHLANDS COUNTY TITLE AND GUARANTY LAND COMPANY, d/b/a Sun 'N Lake Estates; G.H. Crawford Financial Services, Inc.; and CFD, Inc., Appellees.
No. 87-1475.
District Court of Appeal of Florida, Second District.
June 3, 1988.
Rehearing Denied July 13, 1988.
Clinton A. Curtis of Curtis & Alexander, Bartow, for appellant.
Robin Gibson of Gibson & Lilly, Lake Wales, for appellees.
SCHEB, Acting Chief Judge.
Appellant, William Dorsky Associates, Inc. (Dorsky), challenges a final judgment in favor of the appellees, referred to herein as Sun 'N Lake. Dorsky contends the trial court erred (1) in determining that Sun 'N Lake owed Dorsky no further amounts for its services; (2) in holding that Dorsky filed a fraudulent lien; and (3) in improperly awarding attorney's fees to Sun 'N Lake. We affirm as to (1), reverse as to (2), and remand for an evidentiary hearing as to (3).
*412 This dispute arose out of a contract for architectural services in connection with the construction of a hotel. The contract, entered into in October 1981 between the owner, Sun 'N Lake, and the architect, Dorsky, was an AIA Standard Form of Agreement Between Owner and Architect. The architect's fees were payable as the phases of the project were completed. These stages of work were described as the schematic design, design development, construction documents, and bidding or negotiation phases. As each phase was completed, the architectural firm was entitled to a certain percentage of its fees.
Sun 'N Lake terminated the contract after having paid Dorsky $30,000, and Dorsky filed a claim of lien against Sun 'N Lake's real property for an additional $53,532.87. Dorsky sued to foreclose its claim of lien, and Sun 'N Lake counterclaimed alleging that Dorsky had filed a fraudulent claim of lien as defined in section 713.31, Florida Statutes (1985). Dorsky claimed compensation under the contract for having completed its work through the design development phase of the project.
The nonjury trial focused on factual issues as to whether Dorsky informed Sun 'N Lake of the probable cost of construction and as to Sun 'N Lake's budget limitations for the project. The trial judge concluded that the contract had been properly terminated by Sun 'N Lake during the schematic design phase and that Dorsky was not entitled to any additional compensation. The court also concluded that Dorsky had filed a fraudulent claim of lien and awarded Sun 'N Lake punitive damages of $5,000 in addition to $1,014.16 to cover costs. Further, the trial judge awarded Sun 'N Lake $16,250 for attorney's fees. This appeal by Dorsky ensued.
We find no merit to Dorsky's first contention that it rendered its professional services through the design development phase of the work under the contract and was entitled to be compensated accordingly. While conflicting evidence exists, there is substantial, competent evidence to support the trial judge's conclusion that the contract was terminated in the schematic phase. Accordingly, it is our duty to affirm on this issue. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
The trial court did, however, err in determining that Dorsky wilfully exaggerated the amount of its claim of lien, thereby filing a fraudulent lien. The record reflects that Bill Dorsky, one of the firm's architects, sent Sun 'N Lake a bill for services rendered. When this bill was not honored, Bill Dorsky consulted an attorney who examined the documentation and determined that Dorsky's conclusion that the contract for architectural services had been terminated at the end of the design development phase had been reached in good faith. The attorney calculated the amount which could be asserted on Dorsky's behalf and prepared and filed a claim of lien accordingly. In analyzing whether Dorsky wilfully exaggerated the amount, we cannot overlook the fact that Dorsky filed its claim after consultation with independent counsel. Additionally, Dorsky presented evidence at trial as to an entitlement under a theory of quantum meruit or substantial performance. These actions strongly militate against Sun 'N Lake's contention that the lien was fraudulent.
As we explained in Vinci Development Co. v. Connell, 509 So.2d 1128, 1133 (Fla. 2d DCA 1987), long-established precedent dictates that actions which deserve punitive sanctions involve outrageous conduct, malicious motive, or wrongful intention. Wrongful acts committed by mistake in the good faith assertion of a supposed right will not support a punitive award. To hold otherwise would be to risk inhibiting those involved in a good faith dispute from exercising their right to file a protective lien. In sum, we think the action here was one involving a breach of contract issue and does not support an award of punitive damages under section 713.31.
Having prevailed in a suit to foreclose a claim of lien, Sun 'N Lake is entitled to recover reasonable attorney's fees. However, in awarding Sun 'N Lake $16,250 in attorney's fees, the trial court failed to set forth specific findings as to the number *413 of hours reasonably expended, the hourly rate, and the appropriateness of the reduction or enhancement factors. Since 1985 we have addressed the procedure trial judges should follow in awarding attorney's fees in order to comply with the requirements set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). See, e.g., Lake Tippecanoe Owners Association, Inc. v. Hanauer, 494 So.2d 226 (Fla. 2d DCA 1986), Freedom Savings and Loan Association v. Biltmore Construction Co., 510 So.2d 1141 (Fla. 2d DCA 1987). Therefore, we will not burden the pages of the Southern Reporter with a recitation of this procedure. Suffice it to say that Sun 'N Lake concedes that the award of attorney's fees must be reversed and remanded for an evidentiary hearing in compliance with Rowe. In computing Sun 'N Lake's entitlement, the court will, of course, consider that the award of punitive damages must be deleted from the judgment.
Affirmed in part, reversed in part and remanded with instructions.
RYDER and FRANK, JJ., concur.