657 So.2d 83 (1995)
VIYELLA COMPANY, etc., Appellant,
v.
Roberto Abissamara GOMES and Izabel Gomes, his wife; Stephen A. Freeman, as Trustee Under 1745 W. 24th Street Trust; and International Fidelity Insurance Company, Appellees.
No. 94-2093.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Maland & Ross and Roger M. Dunetz, Miami, for appellant.
Freeman, Newman & Butterman and Frank D. Newman, Miami, for appellees.
*84 Before HUBBART, GERSTEN and GODERICH, JJ.
GODERICH, Judge.
The plaintiff, the Viyella Company, appeals from an adverse partial final summary judgment and from the denial of its motion for rehearing and/or clarification. We affirm.
In May 1992, Julio Viyella, president of the Viyella Company, and Roberto Abissamara Gomes and Izabel Gomes [the Gomeses] executed a contract providing that the Viyella Company would make certain improvements to the Gomeses' residential property for a contract price of $76,900.00. At the time of the execution of the contract, the Gomeses paid Viyella a 25% deposit of $19,225.00.
In July, Viyella was terminated from the job, and in September, he filed a Claim of Lien for the remainder of the full contract price, $57,675.00, stating that he had completely performed the contract. In June, the Gomeses posted a bond in the amount of $78,938.00,[1] so they could transfer the lien from the property to the bond.
In August 1993, Viyella filed a Contractor's Final Affidavit asserting that the amount owed by the Gomeses was $51,883.95, not $57,675.00 as stated in the Claim of Lien. The Affidavit also acknowledged that a substantial portion of the work had not been completed. The unfinished items included installation of the marble floor, the terra cotta tile floor, the jacuzzi, the garage doors, the bathroom fixtures and faucets, and the bathroom and bedroom windows.
In September, Viyella filed suit against the Gomeses, the trustee of the property, and the surety seeking foreclosure of the mechanic's lien and damages based on breach of contract or quantum meruit. The Gomeses answered and asserted several affirmative defenses including failure to comply with the mechanic's lien statute and forfeiture due to fraudulent lien. At deposition, Viyella testified as to the itemized cost of the work that he did not perform as he had specified in the Contractor's Final Affidavit. The total cost of the unfinished work equaled approximately $27,740.00.
Subsequently, the defendants moved for partial summary judgment as to the Claim of Lien and bond. The trial court granted partial summary judgment in favor of the Gomeses and the surety finding that the "[p]laintiff's claim of lien is unenforceable as it is for an amount substantially greater than the amount set forth in the contractor's affidavit." Subsequently, the trial court denied the plaintiff's motion for rehearing and/or clarification, and this appeal follows.
The plaintiff contends that the trial court erred by granting partial summary judgment in favor of the defendants where there were genuine issues of material fact remaining concerning the value of the work performed by Viyella and Viyella's intent, whether or not he willfully exaggerated the amount of the mechanic's lien. We disagree.
When a contractor is owed money for either labor, services, materials, or other items used to improve real property in accordance with a contract, section 713.05, Florida Statutes (1993), allows a contractor to assert a claim of lien on the real property that he has improved. Section 713.31, Florida Statutes (1993), protects the owner of the property by providing a remedy for fraud or collusion on the part of the contractor. In pertinent part, section 713.31 reads as follows:
(2)(a) Any lien asserted ... in which the lienor has willfully exaggerated the amount for which such lien is claimed or in which the lienor has willfully included a claim for work not performed upon or materials not furnished for the property upon which he seeks to impress such lien ... shall be deemed a fraudulent lien.
(b) It is a complete defense to any action to enforce a lien ... that the lien is a fraudulent lien; and the court so finding is empowered to and shall declare the lien unenforceable, and the lienor thereupon forfeits his right to any lien on the property upon which he sought to impress such fraudulent lien... .
§ 713.31(2)(a) & (b), Fla. Stat. (1993).
In the instant case, Viyella first filed a Claim of Lien for the remainder of the contract *85 price, $57,675.00, stating that he had fully performed the contract. Next, he filed a Contractor's Final Affidavit asserting that the amount owed by the Gomeses was $51,883.95, not $57,675.00, and acknowledging that a substantial portion of the work had not been completed. Lastly, at his own deposition, Viyella testified that the cost of the work that he did not perform equaled approximately $27,740.00. These facts are undisputed by the defendants and any contradictions stem completely from the plaintiff's own statements. Therefore, there are no genuine issues of material fact remaining that should preclude entry of partial summary judgment.
Additionally, after reviewing the record, we find that, as a matter of law, the trial court properly applied the standard set forth by the Florida Statutes for determining that a lien is fraudulent and, therefore, unenforceable. § 713.31, Fla. Stat. (1993). The trial court properly granted partial final summary judgment in favor of the defendants where there were no genuine issues of material fact remaining, and the defendants were entitled to entry of judgment as a matter of law. Fla.R.Civ.P. 1.510(c).
We find that the plaintiff's remaining points lack merit.
Affirmed.
NOTES
[1] This was an amount sufficient to cover the Claim of Lien plus costs and interest.