710 So.2d 663 (1998)
DELTA PAINTING, INC., Appellant,
v.
Stanley J. BAUMANN and Phyllis Baumann, Appellees.
No. 97-926.
District Court of Appeal of Florida, Third District.
April 22, 1998.
Rehearing Denied June 3, 1998.
Rutherford, Mulhall & Wargo, P.A. and John T. Mulhall, III, Boca Raton, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A. and Steven E. Stark and Michael N. Kreitzer, Miami, for appellees.
Before SCHWARTZ, C.J. and COPE and GREEN, JJ.
GREEN, Judge.
Delta Painting, Inc. ("Delta"), a painting contractor, appeals an adverse final judgment which discharged its construction lien as fraudulent and awarded attorney's fees and costs to the appellees/homeowners. We affirm.
After Hurricane Andrew struck and severely ravaged their home, Stanley and Phyllis Baumann ("Baumanns") entered into a written agreement with Delta on or about September 9, 1992, for Delta to paint their 12,000-square-foot residence. According to the provisions of the standard form contract, which was prepared by Delta, any changes in the scope of the job or any other additional work which would increase the cost of the job was prohibited absent written change orders executed by both parties. Thereafter, Delta commenced its work.
At some point during the performance of the contract, a dispute arose between the parties regarding the Baumanns' payment for certain work invoiced by Delta. According to Delta, the Baumanns refused to pay for additional agreed upon work. The Baumanns maintained, however, that Delta was improperly seeking to recoup additional costs incurred for corrective measures taken for work not properly performed by Delta and for additional unauthorized work for which there were no written change orders signed by them.
Ultimately, when these parties reached an impasse in their disputes, Delta filed a claim of lien in the sum of $21,100, $9100 of which purportedly represented the balance due under the contract and $12,000 of which purportedly represented the balance due for the additional work. Delta also filed the breach of contract action below and an action to foreclose its construction lien. The Baumanns *664 filed a counterclaim for breach of contract and fraudulent lien seeking both compensatory and punitive damages, as well as a discharge of the lien.
The breach of contract claims and counterclaims were tried to a jury. The lien foreclosure claims and fraudulent lien counterclaim issues, however, were decided by the lower court. The jury returned its verdict on all contractual claims in favor of Delta for $9100. Based upon the evidence adduced at trial, the lower court later declared Delta's lien to be fraudulent based upon its finding that Delta had filed a lien in excess of the contract without any evidence of valid written change orders for the same; Delta had willfully included a claim for work not performed or materials not furnished and/or had otherwise wilfully exaggerated its lien. Accordingly, the lower court discharged the lien and assessed punitive damages in favor of the Baumanns for $2500. The court also awarded the Baumanns their taxable costs in the amount of $1199 and attorney's fees in the sum of $31,000 for securing the discharge of the lien. After the deduction of Delta's jury award and prejudgment interest as set-offs, final judgment was entered in favor of the Baumanns and against Delta for $23,179.04. Delta appeals and asserts that the lower court abused its discretion in finding its claim of lien to be fraudulent and in not assessing attorney's fees in its favor where it prevailed on a portion of its claim of lien. We find no merit to either of these assertions.
Pursuant to Florida's construction lien law, a lien is deemed to be fraudulent if the lienor has willfully: (1) exaggerated the amount of lien claimed; (2) has willfully included a claim for work not performed upon or materials not furnished for the property upon which the lienor seeks to impress such lien; and/or (3) has compiled the claim with such willful and gross negligence as to amount to a willful exaggeration. See § 713.31(2)(a), Fla. Stat. (1991); see also Skidmore, Owings and Merrill v. Volpe Constr. Co., 511 So.2d 642, 644 n. 2 (Fla. 3d DCA 1987); Hobbs Constr. & Dev., Inc. v. Presbyterian Homes of the Synod of Fla., 440 So.2d 673, 673 (Fla. 1st DCA 1983). A determination that a lien is fraudulent is a complete defense to the enforcement of the lien. See § 713.31(2)(b), Fla. Stat. (1991). However, section 713.31(2)(b) was amended in 1991 to preclude the finding of a fraudulent lien based upon a minor mistake or a good faith dispute as to the amount owed.
We begin our review by recognizing that a finding of a fraudulent lien by a trial court is not a discretionary matter. As with any other contested issue, the lienor's intent and good or bad faith in filing a lien must be based on competent substantial evidence in the record. See Viyella Co. v. Gomes, 657 So.2d 83, 85 (Fla. 3d DCA 1995) (lower court's finding of fraudulent lien affirmed based upon contractor's acknowledgment that its claim was overstated where a substantial portion of work remained unperformed); William Dorsky Assoc., Inc. v. Highlands County Title and Guar. Land Co., 528 So.2d 411, 412 (Fla. 2d DCA 1988) (court erred in declaring that contractor had willfully exaggerated the amount of its lien where record evidence revealed that contractor had consulted with and relied upon advice of attorney prior to filing lien and had presented evidence at trial as to entitlement under theory of quantum meruit or substantial performance); Skidmore, 511 So.2d at 644 (reversing finding of valid lien based upon record evidence that contractor's claim included amounts which were not recoverable and/or authorized under the contract or were arbitrary). But see Stevens v. Site Developers, Inc., 584 So.2d 1064,1064 (Fla. 5th DCA 1991) (stating "[t]he trial judge still had discretion in determining the intent and good or bad faith of the lienor when he stated the amount of the lien claimed"). In this case, we find that the lower court's determination that Delta's lien was fraudulent was amply supported by competent substantial evidence adduced at the trial. For example, there was evidence that Delta's claim of lien included amounts for additional work unauthorized by the Baumanns. There was also evidence that Delta had knowingly included a claim for work not performed or materials not furnished. We think that such evidence is wholly inconsistent with any notion of a minor mistake or good faith dispute between the parties. Thus, because there was competent substantial evidence to support the lower court's finding, we cannot disturb the lower court's conclusions in this regard.
*665 Based upon our affirmance of the lower court's determination that Delta's lien was fraudulent, we likewise conclude that the Baumanns were entitled to their reasonable attorney's fees and costs incurred in securing the discharge of this lien. See § 713.31(2)(c), Fla. Stat. (1991); see also Martin v. Jack Yanks Constr. Co., 650 So.2d 120, 122 (Fla. 3d DCA 1995). Therefore, contrary to Delta's assertion, there was no error in this regard either.
Affirmed.
SCHWARTZ, C.J., concurs.
COPE, Judge, dissenting.
We should clarify the relevant legal standard and remand for a new hearing.
Delta entered into a contract with appellees Stanley and Phyllis Baumann (homeowners) for the repainting of their home after Hurricane Andrew. Delta sued for a balance due of $9100 under the contract, plus $12,000 for additional work. There were no written change orders for the $12,000 of additional work, nor any written modification of the original contract. Delta claimed that there had been oral modifications to the contract resulting in an oral agreement for the additional $12,000 of work. The homeowners' position was that the so-called additional work was actually included within the original contract and that there was no agreement to pay additional sums. The jury awarded Delta $9100 representing the balance due on the original contract and denied the claim for $12,000 in additional work.
The homeowners had asserted a claim that Delta's mechanic's lien was fraudulent. The trial court sat as the trier of fact on this claim and ruled that the mechanic's lien was fraudulent. Delta has appealed.
The claim of fraudulent lien in this case is governed by section 713.31, Florida Statutes (1991). In construing an earlier version of this statute, this court said that "[t]he inclusion of items not authorized by change orders or by contract renders the lien fraudulent and unenforceable." Skidmore, Owings and Merrill v. Volpe Constr. Co., Inc., 511 So.2d 642, 644 (Fla. 3d DCA 1987) (citations omitted).
The trial court was well aware of the Skidmore case. In announcing its finding that the lien was fraudulent, the court stated, "I'm using the word fraudulent not to infer fraud as we know the term but rather as the lien law refers to it...." The court stated, in part, "that all of the extras were to be in writing and they were not, the case law would indicate on that basis there's a sufficient finding that the lien would be invalid." The court found alternatively that there was substantial nonperformance of certain work, and that the lien would be invalid for that additional reason. The written order stated in part that "because the jury found either that change orders or work originally contracted to be done (or a combination of both) was not performed, the claim of lien recorded by Plaintiff [Delta] is hereby declared fraudulent."
In 1990, several years after the Skidmore decision (but before the claim of lien in this case), the Legislature amended the fraudulent lien statute to add, "However, a minor mistake or error in a claim of lien, or a good faith dispute as to the amount due does not constitute a willful exaggeration that operates to defeat an otherwise valid lien." Ch. 90-109, § 15, at 329, Laws of Fla. (codified at § 713.31(2)(b), Fla. Stat. (Supp.1990)).
By eliminating from the fraudulent lien statute good faith contract disputes and minor mistakes or errors, the Legislature intended to reserve fraudulent lien penalties for those cases where there was a willful, intentional exaggeration or assertion of a claim for which there was no good-faith basis. After the amendment, a lien is not to be deemed fraudulent merely because it is not embodied in a written contract or change order, so long as there is a good-faith basis for the claim. The Skidmore decision is no longer good law after the 1990 amendment.
Because the trial court's oral remarks and written ruling reflect the court's reliance on Skidmore, and do not reflect the court's consideration of the 1990 statutory change, we should reverse the order under review and remand for a new hearing under a clarified standard. Given the existence of this court's Skidmore case, the trial court cannot be faulted for taking the view that it did, but we should clarify that Skidmore no longer reflects *666 a correct reading of the law for cases arising after the 1990 statutory amendment.[1]
The trial court stated an alternative reason for its holding: that the evidence showed Delta had never performed the pressure cleaning which it agreed to do, and payment for the pressure cleaning was included in the claim of lien. This reason appears to be at odds with the jury's verdict, which awarded Delta the balance it was owed under the contract. The verdict evidently reflects the jury's view that either in the first instance, or by later corrective measures, Delta had substantially complied with its contractual obligations.
Under the circumstances, we should clarify the appropriate legal standard and remand for a new hearing.[2]
NOTES
[1] Although not applicable to this case, in 1995 the Legislature amended section 713.31, Florida Statutes, to provide a felony penalty for the willful filing of a fraudulent lien. See ch. 95-240, § 8, at 2148, Laws of Fla. (codified at § 713.31(3), Fla. Stat. (1995)). For cases arising after 1995, this even more clearly indicates the intent of the legislature that a scienter requirement be part of section 713.31.
[2] According to one treatise, the 1990 amendment was intended to codify the Second District holdings in Vinci Development Co. v. Connell, 509 So.2d 1128 (Fla. 2d DCA 1987), and William Dorsky Associates, Inc. v. Highlands County Title & Guaranty Land Co., 528 So.2d 411 (Fla. 2d DCA 1988). See 2 Stephen B. Rakusin, Florida Construction Lien Manual ch. 25, at 12 (1998). The William Dorsky court summarized:

As we explained in Vinci Development Co. v. Connell, 509 So.2d 1128, 1133 (Fla. 2d DCA 1987), long-established precedent dictates that actions which deserve punitive sanctions involve outrageous conduct, malicious motive, or wrongful intention. Wrongful acts committed by mistake in the good faith assertion of a supposed right will not support a punitive award. To hold otherwise would be to risk inhibiting those involved in a good faith dispute from exercising their right to file a protective lien. In sum, we think the action here was one involving a breach of contract issue and does not support an award of punitive damages under section 713.31.
528 So.2d at 412.