PER CURIAM.
 

 This is an appeal in a construction lien case, where the trial court declined to find that a lien was fraudulent. We affirm because the trial court did not abuse its discretion in concluding that the disallowed items included in the lien were a result of mistake and not a willful exaggeration.
 

 Paragraph 713.31(2)(a), Florida Statutes (2007), defines a fraudulent lien as one where “the lienor has willfully exaggerated the amount for which such lien is claimed or in which the lienor has willfully included a claim for work not performed upon or materials not furnished.... ” Here, the contractor had included items that it should not have, including overhead and profit. As a result, appellants-owners rely on our decision in
 
 Martin v. Jack Yanks Construction Co.,
 
 650 So.2d 120 (Fla. 3d DCA 1995), to support their position that if the lien includes amounts for non-lienable items, then the lien is fraudulent without regard to ignorance or good faith.
 

 The owners’ reliance on
 
 Martin
 
 is misplaced. In
 
 Martin
 
 the parties did not have a valid contract.
 
 Id.
 
 at 121. More importantly, although the contractor had done little to no work, it asserted a lien for the full amount. This court held that “[t]he asserted lien was in no way the result of a contractor’s miscalculation or overestimation, but rather was a lien for non-lienable items in an amount far beyond anything that could have possibly been owed to the contractor.”
 
 Id.
 
 at 122.
 

 Here, the parties not only had a valid contract but the contractor had furnished materials and labor over a period of years during the construction of appellants’ new home. The contractor testified at trial, the owners did not testify and the successor contractor testified. The trial court found that the owners had breached the contract. The evidence showed that the contractor had spent more than the amount of the lien, but there was a dispute about how much was compensable based on the percentages of completion of various components of the job at the time the owners terminated the contractor.
 

 The court made reductions in the lien, concluding that there had been a legitimate dispute over some items, and there were other items which had been included in error. The court made a specific finding that “[h]aving observed the demeanor of the Plaintiffs representative [the contractor], the plaintiff [contractor] did not willfully exaggerate the lien, and ... the lien is not void.” We see no abuse of discretion in the trial court’s determination, after hearing the testimony and observing the demeanor of the contractor, that the lien was not fraudulent.
 

 The owners argue that under
 
 Delta Painting, Inc. v. Baumann,
 
 710 So.2d 663 (Fla. 3d DCA 1998), if the trial court reduces the amount of the lien, it follows that the lien is fraudulent. That is not correct. In
 
 Delta
 
 the trial court found, after a trial, that the contractor’s lien was fraudulent. On appeal to this court, the contractor challenged the sufficiency of the evidence. This court said:
 

 We begin our review by recognizing that a finding of a fraudulent lien by a trial court is not a discretionary matter. As with any other contested issue, the lienor’s intent and good or bad faith in filing a lien must be based on competent substantial evidence in the record. In this case, we find that the lower court’s determination that Delta’s lien was fraudulent was amply supported by competent substantial evidence adduced at the trial. For example, there was evi
 
 *17
 
 dence that Delta’s claim of lien included amounts for additional work unauthorized by the Baumanns. There was also evidence that Delta had knowingly included a claim for work not performed or materials not furnished. We think that such evidence is wholly inconsistent with any notion of a minor mistake or good faith dispute between the parties. Thus, because there was competent substantial evidence to support the lower court’s finding, we cannot disturb the lower court’s conclusions in this regard.
 

 Id.
 
 at 664 (citations omitted).
 

 In saying that the finding of a fraudulent lien is not a discretionary matter,
 
 id.,
 
 this court signified that the question of fraud is a factual matter to be proven like any other fact. In
 
 Delta
 
 there was evidence which supported the trial court’s determination of a fraudulent lien. In the present case, by contrast, the trial court found no fraud to exist, and in the present case that determination is supported by the evidence.
 

 The owner relies on
 
 Ponce Investments, Inc. v. Financial Capital of America,
 
 718 So.2d 280 (Fla. 3d DCA 1998), but that case is likewise not on point. In that case, the trial court had denied a claim of fraudulent lien, but this court reversed, concluding that the evidence did not support the trial court’s ruling.
 
 Id.
 
 at 282. In this case, by contrast, the evidence (including the trial court’s credibility determination) supports the trial court’s ruling.
 

 Affirmed.