509 So.2d 1134 (1987)
George PIERCE, Appellant,
v.
The TOWN OF HASTINGS, Appellee.
No. 86-667.
District Court of Appeal of Florida, Fifth District.
June 4, 1987.
Rehearing Denied July 21, 1987.
*1135 Paul M. Harden of Smith, Davenport, Bloom, Harden & Johnson, Jacksonville, for appellant.
John E. Hankal, St. Augustine, for appellee.
COBB, Judge.
The issue on this appeal is whether a cap of $50,000 can be imposed on appellant George Pierce's $65,000 judgment against appellee, Town of Hastings.
Pierce filed a complaint against the Town in 1980, alleging two counts of malicious prosecution and two counts of false imprisonment arising from incidents on November 26, 1978 and December 31, 1978, in which the Town sought to punish Pierce for violating a town ordinance regulating Sunday business operation. The initial suit resulted in a $44,000 final judgment for Pierce on December 7, 1981. The trial court ordered a remittitur to $23,800, or a new trial, and Pierce appealed. This court affirmed without opinion. Pierce v. Town of Hastings, 427 So.2d 757 (Fla. 5th DCA 1983). On remand, the trial court, determining that Pierce had waived the remittitur by appealing, ordered a new trial on damages. A new trial was held, resulting in a final judgment for Pierce of $65,000 plus costs entered on July 2, 1984. The Town then appealed that judgment, and, again, this court affirmed without opinion. Town of Hastings v. Pierce, 469 So.2d 767 (Fla. 5th DCA 1985).
On November 18, 1985, Pierce filed a petition for writ of mandamus to compel payment, stating that the $65,000 final judgment had not been paid and that since a levy could not be had against the Town, mandamus was necessary.[1] The trial court issued the writ, but stated:
This Writ is without prejudice to a pending issue as to the application of Florida Statute 768.28(5), as to whether or not the TOWN OF HASTINGS' liability on the Judgment is limited to $50,000.00, including costs, or whether it exceeds this sum to the extent of the full Judgment, plus interest and costs. This issue will be determined subsequent to *1136 this Writ upon application of either party with reasonable notice.
The trial court ultimately determined that the two arrests constituted one incident because they were based on the same ordinance, and, thus, a cap of $50,000 on recovery was imposed via section 768.28(5), Florida Statutes (1979).[2] Pierce has appealed this limitation on his judgment.
The finding by the trial court that there was only one incident because both arrests arose out of enforcement of the same ordinance is patently incorrect as a matter of law. The facts are undisputed that Pierce was arrested on two separate occasions, thus constituting two "incidents" or "occurrences." The fact that both arrests were based on the same ordinance is immaterial.
Since there was only one general verdict form given to the jury, despite the plaintiff's request for separate interrogatory verdicts, there is no way to ascertain whether the jury awarded over $50,000 for one of the incidents. The Town failed to obtain the requisite information at trial, and at the mandamus hearing it had the burden to show that it was entitled to the benefit of the $50,000 cap. See Maser v. Fioretti, 498 So.2d 568 (Fla. 5th DCA 1986). The Town failed to carry that burden. Hence, we reverse and remand for entry of a writ of mandamus directing the Town of Hastings to pay the full judgment entered against it.
REVERSED and REMANDED.
DAUKSCH, J., and LOCKETT, J.T., Associate Judge, concur.
NOTES
[1] See § 55.11, Fla. Stat. (1985); City of Ocoee v. State ex rel. Harris, 155 Fla. 514, 20 So.2d 674 (1945).
[2] Section 768.28(5), Florida Statutes (1977), provides in part:

(5) ... Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000.