739 So.2d 668 (1999)
The SCHOOL BOARD OF BROWARD COUNTY, Florida, Appellant,
v.
Andrew GREENE, Appellee.
No. 98-0726.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
Amy D. Shield of Amy D. Shield, P.A., Boca Raton, and Eugene K. Pettis of Haliczer, Pettis & White, P.A., Fort Lauderdale, for appellant.
*669 Jason R. Marks and Scott A. Mager of Kluger, Peretz, Kaplan & Berlin, P.A., Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the motion for rehearing, deny the request for certification, withdraw our earlier opinion, and substitute the following opinion.
The School Board of Broward County ("School Board") appeals the final judgment awarding $850,000 in damages to Andrew Greene ("Greene"), as well as the trial court's denial of the School Board's motion to limit collectibility of the judgment under section 768.28, Florida Statutes (1997). We affirm the final judgment; however, we reverse and remand to the trial court to limit the collectibility of the judgment to $100,000, in accordance with the sovereign immunity statute.
Greene, a part-time teacher in Broward County, decided to run for a seat on the School Board. While Greene was a candidate for the seat, the School Board, without prior notice to Greene, released derogatory statements gathered in an earlier disciplinary investigation of him. This was in violation of the statutory requirement of section 231.291(3)(a)3, Florida Statutes (1997), in that Greene had not been informed of these derogatory statements prior to their release. In response, Greene sued the School Board alleging negligence and invasion of privacy by the School Board for releasing the derogatory statements.
On the issue of negligence, the jury was instructed to decide:
Whether the School Board was negligent in releasing the personnel file of Andrew Greene, and, if so, whether such negligence was a legal cause of loss, injury or damage sustained by the plaintiff.
Further, as to the invasion of privacy claim, the jury was instructed, in pertinent part, to decide:
Whether the School Board disclosed to the public, or caused to be disclosed to the public, the facts or matters as Mr. Greene contends.
The placing of the derogatory statements in the file was not an issue submitted to the jury. The verdict form submitted to the jury referred to negligence and invasion of privacy as it related to the releasing of the derogatory statements. The verdict form did not require the jury to decide whether the School Board wrongfully placed information in Greene's personnel file. The jury found for the plaintiff on the negligence and invasion of privacy issues and awarded Greene a total of $850,000 in damages. Thereafter, the School Board moved to limit the collectibility of the judgment under section 768.28, Florida Statutes, but the trial court denied the motion.
Florida's Waiver of Sovereign Immunity, section 768.28, Florida Statutes, provides,
Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000.
§ 768.28(5), Fla. Stat. (1997).
On appeal, although both parties concede the collection of the judgment should be limited by the statute, they dispute whether this claim represents a single incident or occurrence or two separate incidents or occurrences. The School Board argues the collectibility of the judgment should be limited to $100,000 because Greene's complaint reflects only one incident or occurrence, the release of the information to the public. Greene, on the other hand, asserts that there were two *670 occurrences, i.e., placing the information in his file, and releasing the information to the public. However, neither the jury instructions nor the verdict form presented the issue of placing the information in the personnel file to the jury.
In Pierce v. Town of Hastings, 509 So.2d 1134 (Fla. 5th DCA 1987), Pierce was arrested on two separate occasions for violating the same ordinance. See id. at 1135. Pierce filed a complaint alleging one count of malicious prosecution and one count of false imprisonment for each arrest. See id. The jury awarded Pierce total damages of $65,000; however, the sovereign immunity statute in effect at the time limited recovery to $50,000 per person for a claim or judgment and $100,000 aggregate per incident or occurrence. See id. at 1136. The court concluded that each arrest represented a separate incident or occurrence, for which Pierce could recover the limit of $50,000. See id. Further, it can be inferred from the court's discussion in Pierce, that although Pierce alleged two theories of recovery, i.e., malicious prosecution and false imprisonment, for each arrest or incident, Pierce's recovery for each incident was limited to $50,000 despite recovery based upon two causes of action.
In the present case, Greene's allegations of negligence and invasion of privacy were based on the School Board's improper release of derogatory information to the public. In addition, the jury was instructed to decide whether negligence and invasion of privacy resulted only from the improper release of the derogatory statements. Thus, the damage award rendered by the jury was based upon the release of the information to the public, a single incident or occurrence. As such, because there was only one incident or occurrence, Greene is limited to $100,000 notwithstanding that Greene prevailed on two separate theories of recovery. See Pierce, 509 So.2d at 1136.
Therefore, we conclude that, under section 768.28, Florida Statutes, the collectibility of Greene's judgment should be limited to $100,000. See § 768.28(5), Fla. Stat. Accordingly, we reverse and remand.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GUNTHER, POLEN and FARMER, JJ., concur.