[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13322
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 19, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-06825-CV-JIC

DWIGHT EDMAN,

Plaintiff-Appellee,

versus

JEFFREY A. MARANO,
ANTHONY FERNANDEZ, individually,
CITY OF HOLLYWOOD, a Florida Municipal Corporation,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(April 19, 2006)**

Before TJOFLAT, BARKETT and RONEY, Circuit Judges.

PER CURIAM:

This 42 U.S.C. § 1983 false arrest case is before this Court for the third

time. The issues on this appeal involve alleged errors in the retrial as to damages

only, and in the amount of damages allowed by the trial court. Neither party requests oral argument. Finding no reversible error, we affirm the district court's $225,000 damages judgment in favor of plaintiff Dwight Edman.

On January 31, 1996, Edman was arrested outside a hotel by Hollywood police officers Jeffrey Marano and Anthony Fernandez, who were conducting a reverse drug sting operation. After Edman was handcuffed and arrested, the officers escorted Edman to a hotel room Edman told them he had rented. While in the hotel room, Edman was allegedly subjected to a "battery/unnecessary use of force."

Subsequent to the arrest, the officers filled in *pre-sworn* affidavits reporting what had happened during Edman's arrest. The affidavit that was sworn/signed by the officers *at an earlier date* was actually blank. After those previously sworn affidavits were completed by the officers, they were then notarized by a city employee who worked in the police department's case filing unit. This process resulted in the officers never contemporaneously swearing to the truth of the report regarding Edman. In part because of the lack of properly executed incident affidavits, the charges against Edman were later *nolle prossed* by the State Attorney's Office.

On July 22, 1997, Edman sued Marano, Fernandez, and the City of Hollywood for false arrest, battery in connection with his arrest, and Florida statutory notary law violations in connection with the probable cause affidavits and arrest incident reports improperly executed by the officers after Edman's arrest. Following the close of Edman's case in chief, the district court granted summary judgment against Marano and Fernandez on the § 1983 false arrest claims. A jury returned a verdict in favor of Edman for $200,000 against Marano individually, for $75,000 against Fernandez individually, for $275,000 against the City of Hollywood for false arrest, and for $200,000 against the City for statutory notary law violations. It returned a verdict in favor of the City on Edman's state law battery claim. The district court subsequently entered judgment in favor of Edman for a total of $475,000.

On October 19, 2000, in Appeal Number 99-10550, a panel of this Court affirmed the jury's verdict as to liability but reversed and ordered a new trial as to damages because the district court improperly aggregated an overlapping, duplicative jury verdict.

On November 29, 2002, prior to a retrial on the issue of damages, Edman agreed to accept a minimum "floor" damage award of $275,000. The district court concluded that Edman's acceptance of the floor damage award obviated the need

for a new trial on the issue of damages. The district court then certified the issue to this Court. On March 20, 2003, this Court dismissed the notice of appeal for lack of jurisdiction, finding that the district court's order was not final or amenable to certification for immediate review under Federal Rule of Civil Procedure 54(b).

On February 9, 2004, Marano and Fernandez filed emergency pre-trial motions seeking leave for a second updated deposition of Edman, as well as a motion compelling Edman to submit to a mental examination to determine whether he had suffered mental anguish as a consequence of his arrest. The motion requested that Edman submit to a mental examination on February 28, 2005, which was the day trial was scheduled to begin. On February 16, the district court granted the defendants' motion to conduct a deposition of plaintiff but denied the motion for an emergency mental examination, ruling

> The cause of action arose in January 1996, over nine years ago. Defendants never sought a mental examination. To now request one at the 11th hour is too late in the game and unfairly prejudices the plaintiff. The exam was requested for February 28, 2005. Trial is scheduled to start on February 28, 2005. Defendants have failed to show good cause under Rule 35.

The damages portion of the trial was retried in March 2005. Edman sought compensatory damages, including those resulting from post-traumatic stress disorder that he contended he had developed as a result of the false arrest. On

4

March 10, 2005, the jury returned a verdict in favor of Edman and against Marano, Fernandez, and the City for $225,000 (jointly and severally). The defendants filed post-trial motions requesting a new trial, or in the alternative, remittur. The district court denied the motion for new trial, and then entered an Amended Final Judgment in favor of Edman and against Marano, Fernandez and the City (jointly and severally) in the amount of $200,000, plus judgment in favor of Edman and against Marano and Fernandez (jointly and severally) for $25,000. This appeal followed.

Appellants make four arguments on appeal: *first*, the district court abused its discretion by not compelling Edman to submit to a mental examination before proceeding to the retrial on damages; *second*, the district court abused its discretion by admitting certain testimony from the first trial, which appellants contend was not relevant to the issue of damages; *third*, the district court erred in its interpretation of Florida Statute § 768.25(5) by determining that the City was liable for a total of $200,000; and *fourth*, the district court abused its discretion by denying their motion for a mistrial or remittur, asserting that the verdict was grossly excessive and not supported by the evidence.

<u>Denial of Motion to Compel a Mental Exam of Edman</u>

5

*First*, the district court did not abuse its discretion by denying Marano and Fernandez's motion to compel Edman to submit to a mental examination. The proposed mental examination was scheduled for the day the damages trial was scheduled to begin. It was within the district court's broad discretion to deny this late request. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360-61 (11th Cir. 2002) (noting that district courts have broad discretion to manage their cases, including discovery and scheduling).

<u>Admission of Allegedly Irrelevant Testimony from First Trial</u>

*Second*, the district court also did not abuse its discretion by permitting Edman to offer testimony from the first trial describing certain details about his arrest and circumstances relating to the propriety of his subsequent prosecution.

Prior to jury selection, Edman provided the parties and the district court with a Master Index of testimony from the first trial that he intended to read into evidence. The district court heard arguments related to the objections posed by the defendants. The district court ruled as follows:

> It is the Court's opinion that the Plaintiff should not be penalized for having won on liability in another proceeding. And to preclude the Plaintiff from going into at least a limited amount of liability with witnesses other than the Plaintiff himself, in the Court's opinion would unjustly penalize the Plaintiff. So the Court is going to allow the Plaintiff to get into liability with the

6

prior testimony of Officer[s] Fernandez and Marano and any agent of the City of Hollywood. Any nonagents, nonparties I agree that would be hearsay and inadmissible.

In so permitting this testimony, the district court reasoned:

I am permitting the Plaintiff to get into some liability because I agree with Plaintiff that liability to a large extent is *inextricably intertwined . . .. But the focus really needs to be on damages. You can get into liability, but that is on the periphery and not the main focus.* So I am allowing you to go into those areas but the focus has to be on damages.

This Court will not overrule a district court's evidentiary ruling unless it has made a "clear error of judgment or has applied an incorrect legal standard." *See Piamba Cortes v. American Airlines*, 177 F.3d 1272, 1306 (11th Cir. 1999). Because appellants have failed to demonstrate either, we affirm the ruling of the district court. *See Piamba Cortes*, 177 F.3d at 1306 (noting that "when computing damages for pain and suffering endured by a *plaintiff* '[in] most instances . . . evidence describing the details of an accident is logically relevant and admissible, even where liability has been admitted, to place the extent of injuries suffered by plaintiff, as well as the degree of pain endured, in the proper context'") (quoting *White v. Westlund*, 624 So. 2d 1148, 1152 (Fla. 4th DCA 1993)).

The City further contends that because the first jury found that it was not liable for the alleged battery against Edman in the hotel room subsequent to his detention outside the hotel, there should have been no reference to it in the retrial because "it allowed the 2nd jury to consider elements of plaintiff's claim of psychological injuries previously rejected by the first jury. It allowed the jury to award an excessive verdict based upon the alleged egregious actions of the Hollywood Police Officers." The City contends that the probative value of this evidence was substantially outweighed by the unfair prejudicial effect on the jury.

The district court did not abuse its discretion by admitting testimony regarding the alleged battery against Edman at the hotel during the retrial on damages. Edman's damages claims against the officers and the City arose out of the results of a false arrest. Edman was entitled to all damages flowing from the arrest against all the defendants, aside from damages arising solely from Edman's claim of an independent tort of battery against the City. *See, e.g., Jones v. Cannon*, 174 F.3d 1271, 1287 (11th Cir. 1999) (noting that "the grand jury indictment broke the chain of causation for the detention from the alleged false arrest and Jones may recover damages only for his detention prior to the grand jury indictment").

Furthermore, the district court charged the jury as follows:

8

In this case you shall consider the following elements of damage.

Any injury to reputation or health, and any shame, humiliation, physical or emotional pain mental anguish and hurt feelings experienced in the past or to be experienced in the future.

However, any intentional touching or striking of the Plaintiff against his will or intentionally caused bodily harm to the Plaintiff cannot be considered in assessing damages against the City of Hollywood.

The jury is presumed to have followed these instructions, charging them to not consider any intentional touching or striking of the plaintiff in its consideration of the damages against the City. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1315-16 (11th Cir. 2001).

<u>Misapplication of Florida Statutory Law</u>

*Third*, the City next argues that Edman is limited to recover *a total of* $100,000 from it under Florida's limited waiver of sovereign immunity law statute. *See* Fla. Stat. § 768.28(5)(2004). It contends that the district court's amended judgment in favor of Edman for $200,000 jointly and severally against the City was an improper application of Florida statutory law, which specifies a limited waiver of sovereign immunity for its governmental entities. Section 768.28(5) states the following in relevant part:

9

> The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment or portions thereof, which, when totaled with all other subdivisions paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. . . .

Fla. Stat. § 768.28(5) (2004).

The district court did not err by entering judgment against the City for $200,000, jointly and severally. Here, the false arrest claim was separate from the statutory notary law claims, which occurred *after* Edman was arrested and released from custody, where the officers filled in and had notarized by a city employee *pre-sworn* affidavits about what had happened during the incident with Edman. Because these are two separate incidents (false arrest and the subsequent notary law violations), the maximum amount that Edman can collect from the City is

10

$200,000, not $100,000.  *See Pierce v. Town of Hastings*, 509 So. 2d 1134, 1135 (Fla. 5th DCA 1987) .

Whether $225,000 Damages are Excessive or Unreasonable

*Fourth*, the district court did not abuse its discretion by denying the defendants' motions for a new trial and for remittur on the ground that the award of $225,000 was grossly excessive or unreasonable.  A Federal Rule of Civil Procedure 50(b) motion should only be granted where reasonable jurors "could not arrive at a contrary verdict," which is not the case here.  *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1344-45 (11th Cir. 2000).  This Court is "particularly deferential to the fact that the finder's determination of compensatory damage awards for intangible, emotional harm because the harm is so 'subjective and evaluating it depends considerably on the demeanor of the witnesses.'"  *Griffin*, 261 F.3d at 1315-16 (quoting *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir. 1999)).

The judgment of the district court is AFFIRMED.

We have reviewed Jeffrey Marano and Anthony Fernandez's Reply Brief, which was attached to their motion for reconsideration of this Court's November 16, 2005 order denying their motion for an extension of time to file a Reply Brief. Their motion for reconsideration to file a Reply Brief is GRANTED.

11