969 So.2d 1108 (2007)
Adolfo ZAMORA, Appellant,
v.
FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES, Appellee.
No. 4D06-3043.
District Court of Appeal of Florida, Fourth District.
November 7, 2007.
Rehearing Denied January 4, 2008.
*1109 William R. Amlong, Karen Coolman Amlong and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for appellant.
Michael B. Davis of Paxton & Smith, P.A., West Palm Beach, for appellee.
Robert J. Sniffen of Sniffen Law Firm, P.A., Tallahassee, Special Counsel for Amicus Curiae Florida Defense Lawyers Association.
Robert Michael Eschenfelder, Bradenton, Special Counsel for Amicus Curiae Florida League of Cities, Inc.
*1110 Richard E. Johnson, Tallahassee, for Amicus Curiae National Employment Lawyers Association, Florida Chapter.
WARNER, J.
In entering a judgment in favor of appellant for age discrimination and retaliation by his employer Florida Atlantic University, the trial court determined that the statutory cap on damages of $100,000, provided to state agencies in section 768.28(5), applied to the total recovery, including attorneys' fees, and to both claims. Appellant presents two issues. First, he argues that the court erred in determining that the statutory cap on damages covered attorneys' fees as well as compensatory damages. Second, he claims it also erred in considering his recovery as one claim instead of two, which would have increased the statutory cap to $200,000. As to the inclusion of attorneys' fees, we adopt the reasoning of Gallagher v. Manatee County, 927 So.2d 914 (Fla. 2d DCA 2006), and hold that the statutory limit includes attorneys' fees. As to the second issue, we hold that he has two claims, not one, and thus he may recover a maximum of $100,000 for each separate claim.
Adolfo Zamora, a computer systems application coordinator in the engineering department at Florida Atlantic University, prevailed against FAU in a jury trial on his complaint alleging age discrimination and retaliation. Specifically, Zamora alleged he was passed over for a promotion on account of his age, and that he did not receive discretionary raises. Zamora made a second claim that FAU retaliated against him when he filed complaints with FAU's Equal Opportunity Programs office concerning his treatment and pay discrimination within the department. Both counts were submitted as separate claims to the jury, which awarded Zamora compensatory damages of $83,596 for age discrimination and $37,000 for retaliation.
FAU filed a motion for remittitur and a motion to limit the damages to the sovereign immunity cap of $100,000 pursuant to section 768.28(5), Florida Statutes. In granting FAU's motion to limit recovery, the court found that all of Zamora's claims were subject to the $100,000 recovery limit set forth in section 768.28(5), citing section 760.11(5) and Gallagher v. Manatee County, 927 So.2d 914 (Fla. 2d DCA 2006). Relying upon Gallagher, the court found that "[t]he statutory cap establishes the maximum recovery against the state, including attorney's fees, costs and post-judgment interest." Next, the court rejected Zamora's assertion that since his claims involved two separate instances or occurrences, a $200,000 recovery limit should apply, relying on Comer v. City of Palm Bay, 147 F.Supp.2d 1292 (M.D.Fla. 2001) and State Department of Health & Rehabilitative Services v. T.R. ex rel. Shapiro, 847 So.2d 981 (Fla. 3d DCA 2002). The court granted the remittitur in part and entered judgment within the statutory cap, prompting this appeal.
I. Recovery Includes Attorneys' Fees
The Florida Civil Rights Act prohibits discrimination, as well as retaliation, by an employer on the basis of an individual's race, color, religion, sex, national origin, age, handicap, or marital status. § 760.10(1) & (7), Fla. Stat. Section 760.11(5) sets forth the following provisions concerning civil actions brought pursuant to the Florida Civil Rights Act:
In any civil action brought under this section . . . [t]he court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. The provisions of ss. 768.72 and *1111 768.73 do not apply to this section. . . . In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action. . . . The total amount of recovery against the state and its agencies and subdivisions shall not exceed the limitation as set forth in s. 768.28(5).
Section 768.28(5), in turn, limits recovery to $100,000 per person for each claim, as will be discussed in the second issue. Zamora claims that limiting a public employee's recovery, including attorneys' fees, to $100,000 leads to an absurd, unreasonable interpretation of the legislation. He indicates that the court should give effect to the legislative intent and claims that the legislature intended for the "total amount of recovery" to refer to the total amount of compensatory damagesnot to back pay and attorneys' fees. FAU counters that "total amount of recovery" clearly and unambiguously encompasses all items of recovery and that it is improper to resort to legislative history.
In Gallagher, Judge Canady wrote extensively regarding this precise issue. His opinion concludes that the meaning of recovery is clear and unambiguous and includes all amounts recovered, including attorneys' fees. We agree with his analysis and adopt it as our own.[1] Zamora raises valid points as to the limitations this places upon persons who have lost wages as a result of discriminatory conduct by governmental agencies to the extent that some injured persons may not be made whole. These are arguments which should be addressed to the legislature, which has both provided the remedy and created its limitations. While the statute limits FAU's liability, it also provides that the employee can file a claims bill with the legislature to secure amounts in excess of the statutory limitation. § 768.28(5), Fla. Stat. Under the statute as written, the trial court did not err in determining that the cap on the total amount of recovery includes any amounts recovered for attorneys' fees.
II. Separate Claims Analysis
Zamora also contends that his recovery should not be limited to $100,000, because he prevailed on two separate claims-one for age discrimination and one for retaliation. The jury made separate awards for each claim. Even if the caps in section 768.28(5) apply, he argues that he would nevertheless be entitled to recover up to $100,000 on each claim. We agree.
Section 768.28(5) provides, in pertinent part:
The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment. Neither the state nor its agencies or subdivisions shall be *1112 liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $200,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.
FAU contends that because the statute calls for a limit on a "claim or a judgment by any one person," and only one judgment was entered in favor of Zamora, his recovery is limited to $100,000 regardless of the number of claims. Zamora, on the other hand, contends that because his claims are separate incidentsone of employment discrimination and one for retaliationhe is entitled to a statutory limit of $100,000 for each claim. Because the claims are separate incidents, we agree with Zamora.
The statute applies its cap to a claim or judgment by any one person. It also limits to $200,000 the amount to be paid for all claims to all persons arising out of the same incident or occurrence. This reference indicates the statute incorporates the concept of res judicata or splitting the cause of action in determining its scope in any given case.
The doctrine of res judicata makes a judgment on the merits conclusive "not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action." Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984). To establish that a claim is barred by res judicata, four identities are required: "`(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made.'" Tyson v. Viacom, 890 So.2d 1205, 1209 (Fla. 4th DCA 2005) (quoting Freehling v. MGIC Fin. Corp., 437 So.2d 191, 193 (Fla. 4th DCA 1983)). The second factor, identity of the cause of action, requires that the same facts or evidence are necessary to maintain both claims or actions. Id.
The doctrine of splitting a cause of action is related to res judicata in that it "requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all." Id. at 1210-11 (emphasis in original). For purposes of this doctrine, the "cause of action" is the "the right which a party has to institute a judicial proceeding." Id. at 1219-20 (Gross, J., concurring) (quoting Shearn v. Orlando Funeral Home, Inc., 88 So.2d 591, 593 (Fla.1956)). See also Leahy v. Batmasian, 960 So.2d 14 (Fla. 4th DCA 2007).
The cases construing section 768.28(5) may all be reconciled by applying the statutory cap to all claims which are required to be brought in the same case or be barred by res judicata or splitting the cause of action. In Pierce v. Town of Hastings, 509 So.2d 1134 (Fla. 5th DCA 1987), the plaintiff alleged that he was arrested on two separate dates for two separate violations of a town ordinance. As a result, he brought two counts of malicious prosecution and two counts of false imprisonment. The jury awarded a single judgment in excess of the statutory *1113 cap for one claim, which the trial court reduced. The Fifth District reversed, finding that the two separate arrests constituted two separate incidents or occurrences. Because each incident constituted a separate tort of malicious prosecution and were not the result of the same facts or evidence, they would not have been barred by res judicata or splitting the cause of action. Thus, they constituted two separate claims.
Where a claim of negligent supervision involved several different acts, the court held that each act did not constitute a separate claim for purposes of the statutory cap. In Comer v. City of Palm Bay, 147 F.Supp.2d 1292 (M.D.Fla.2001), the plaintiff brought a claim of racial discrimination against the city. He recovered based upon a theory of negligent supervision of the city police officers as to race discrimination while on duty, proving it by several incidents of discrimination. The jury awarded him $200,000, which the federal district court reduced to $100,000. Comer claimed that because he provided evidence of several incidents of discrimination, the statutory cap of $100,000 did not apply. The district court rejected this argument. This would be a correct result either under the rule against splitting a cause of action or on the basis that res judicata would have barred any further claims. The cause of action, or right that the defendant had to bring the lawsuit, was negligent supervision, which could be proved by several incidents constituting a continuing course of conduct. Thus, there was but one claim or action.
Similarly, in State Department of Health & Rehabilitative Services v. T.R. ex rel. Shapiro, 847 So.2d 981 (Fla. 3d DCA 2002), two former foster children brought a negligence action against the department for failing to protect them from abuse. The trial court required the jury to determine the number of incidents of abuse which occurred, apparently under the assumption that the children could recover $100,000 per identified act of negligence. The Third District held this was in error, as each child's damages were capped at $100,000. The court explained that each child had a single claim of negligence in the care of the department for which they suffered damages. The fact that the claim may be proved by several incidents, or continuing course of conduct, did not change the fact that they all formed a single claim for purposes of the statute. This too is consistent with the application of the rule against splitting the cause of action where the negligence can be termed a continuing course of conduct, because it is the continuing duty to protect the children which the department breached.
We applied the statute in School Board of Broward County v. Greene, 739 So.2d 668 (Fla. 4th DCA 1999). There, a teacher brought an action against a school board for negligence and invasion of privacy for the public release of derogatory statements about the teacher placed in the teacher's personnel file. We held that both comprised a single claim for the release of the information, even though the teacher prevailed on two theories of recovery for the same act. Because they arose out of the same act, the rule against splitting the causes of action would require that they be brought in the same action and thus constituted but one "claim."
These cases illustrate the application of the statutory cap of section 768.28(5) to claims. Whether two "incidents" constitute one claim may also be answered by determining whether one would be barred by res judicata or the rule against splitting a cause of action. If it is not, then they are separate incidents and separate statutory caps apply.
*1114 To adopt FAU's interpretation that simply because a plaintiff brings two claims in one suit and recovers one judgment, no matter how disparate those claims may be, would promote judicial inefficiency by compelling a plaintiff to bring only one claim per suit. For example, if a student had been struck by an FAU vehicle injuring his head and then a month later slipped on a banana peel at the FAU cafeteria, injuring his back, he should not have to file two separate lawsuits to recover for two completely distinct incidents, causing separate injuries. The statute does not apply the cap so as to preclude him from bringing both disparate claims in one suit.
Applying this analysis, Zamora sued for both discrimination and for retaliation after he made an EEOC claim for discrimination. Each claim requires the proof of different facts and constitutes a separate cause of action. The jury made a separate damage award for each claim. The pursuit of one does not bar the other under either the doctrine of res judicata or the rule against splitting the cause of action. See Herrmann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 227 (7th Cir.1993) ("It is like the typical retaliation case, in which an employee files a claim based on some set of facts and then the employer fires him for filing the claim, precipitating a second claim. They are two claims, not one, for purposes of res judicata.").
Because the two claims brought by Zamora and for which he recovered separate damage awards arose from separate incidents, the statutory cap applies to each claim. We therefore reverse for the court to apply a separate statutory cap to each claim, and limiting the total recovery, including attorneys' fees, for each claim to $100,000. However, the judgment should not be reduced to the statutory cap, because section 768.28(5) authorizes that the judgment in excess of the cap may be reported to the legislature.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Amicus National Employment Lawyers Association criticizes the Gallagher court for relying on dictionaries, cases, and statutes to support its conclusion that the meaning of the statute was clear and without ambiguity, arguing that the court went through an enormous amount of work to show that it takes no work to interpret a statute. If one were to accept the National Employment Lawyers Association's argument, then a court need only pronounce that a statute is clear and unambiguous without engaging in any analysis. By consulting dictionaries, cases, and statutes, the court demonstrates why its conclusion is sound. See Green v. State, 604 So.2d 471, 473 (Fla.1992) (a court may refer to a dictionary to ascertain the plain and ordinary meaning of words).