LEVEY COHEN, MARDI, Associate Judge.
The City of Delray Beach (“the City”) appeals a final judgment entered in favor of its former employee, Robert DeSisto, following a jury trial on DeSisto’s employment discrimination claims. The City argues that the trial court erred in: 1) denying its motions for a directed verdict and a new trial, 2) rejecting its proposed jury instruction in favor of DeSisto’s proposed instruction, and 3) denying its motion for remittitur. DeSisto cross-appeals, arguing the court erred in determining that the City was protected by Florida’s sovereign immunity statute. We reverse on the re-mittitur issue and affirm in all other respects.
I. Facts
DeSisto worked fór the City as an operator at its water treatment plant from 1981 through mid-2010. In early 2010, the water plant superintendent informed all-operators, -including DeSisto, ■ that they 'would be required to obtain a Commercial Driver License (“CDL”) within six months. De-Sisto, who was diagnosed with post-traumatic stress disorder (“PTSD”), informed his supervisors that he was unable to take the CDL exam due to his disability. De-Sisto’s supervisors acknowledged his request for an exemption and forwarded it along with documentation of his disability to the City’s Human Resources Department. That department determined De-Sisto was not eligible for an exemption. DeSisto then asked if he could work a different shift to avoid the CDL requirement. The City denied his request and DeSisto resigned. DeSisto filed suit against the City alleging that, it discriminated against him based on his disability in violation of the Florida Civil Rights Act (“FCRA”). § 760.10(l)(a), Fla. Stat. (2012).
The matter proceeded to trial wherein DeSisto testified that he was in fear of taking -the driving portion of the CDL exam and thus felt compelled to,quit his job. Two friends and a fellow member of his PTSD support group testified that he was stressed arid'fearful of obtaining the license. Accordingly, DeSisto quit his job and lost income and faced anxieties of unemployment. The jury found that the City discriminated against DeSisto by denying him ‘ a reasonable accommodation and thereby constructively terminated his employment because of his handicap. In conjunction with its verdict, the jury awarded DeSisto $262,250 for lost wages/benefits and $500,000 for pain and suffering.
Following the trial, the City moved for a new trial and for remittitur.' It argued that the court erred in instructing the jury. It also moved for reduction of the jury’s damages award based on principles of sovereign immunity. Finally, the City argued that the jury’s compensatory award was excessive as there was no evi *1209 dence establishing that DeSisto suffered any mental or emotional.anguish as a result of his alleged termination and the jury awarded him lost wages in excess of those requested. The court denied the City’s motion for a new trial and its motion for remittitur, ruling, that the verdict was not excessive and that the economic damages were supported by the evidence. However, it agreed that DeSisto’s total recovery was limited by the $100,000 waiver of sovereign immunity cap set forth in section 768.28(5) of the Florida Statutes. This appeal follows.
II. Jury instructions
“In formulating jury instructions, the trial court is accorded broad discretion, and ‘its decision should not be reversed unless the error complained of "resulted in a miscarriage of justice or the jury instructions were reasonably calculated to confuse or mislead the jury.’ ” Belle Glade Chevrolet-Cadillac Buick Pontiac Oldsmobile, Inc. v. Figgie, 54 So.3d 991, 997 (Fla. 4th DCA 2010) (quoting Chevron U.S.A, Inc. v. Forbes, 783 So.2d 1215, 1218 (Fla. 4th DCA 2001)). “If the jury instructions, as a whole, fairly state the applicable law to thé jury, the failure to give a particular instruction will not be an error.” Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999).
The instruction proposed by De-Sisto and utilized by the trial court was based on the “Americans with Disabilities Act: Reasonable Accommodation' Claim” pattern jury instruction published by the Eleventh Circuit. DeSisto brought his lawsuit pursuant to the “Unlawful employment practices” section of FCRA, which provides that it is unlawful for an employer to discharge or otherwise discriminate against an individual with respect to “compensation, terms, conditions, or privileges of employment” because of the individual’s handicap.. § 760.10(l)(a), Fla. Stat. (2012). “Courts construe the FCRA in conformity with the federal Ameriean[s] with Disabilities Act (ADA).” McCaw Cellular Commc’ns of Fla., Inc. v. Kwiatek, 763 So.2d 1063, 1065 (Fla. 4th DCA 1999). Accordingly, it was appropriate for the court to look to the federal ADA jury instructions for guidance on DeSisto’s FCRA claim. Additionally, the Reasonable Accommodation pattern jury instruction fairly stated the applicable law surrounding DeSisto’s cause of action as pleaded. Therefore, the court did not abuse its discretion in utilizing DeSisto’s proposed instruction. over the City’s proposed instruction.
III. Damages

a. Limited Waiver of Sovereign Immunity

We also affirm the court’s determination that DeSisto’s recovery was limited by principles of sovereign immunity, FCRA expressly limits recovery against “the state 'arid its agencies and subdivisions” based on the limitations set forth iri section 768.28(5). § 760.11(5), Fla. Stat. (2012). Section 768.28(5) grants a limited waiver of sovereign immunity against the state and its entities, and provides in pertinent part':
Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000[1] .... However, a judgmerit or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 ... and that portion of the judgment *1210 that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.
§ 768.28(5), Fla. Stat. (2010). “ ‘[S]tate agencies or subdivisions’ include ... counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities ....” § 760.11(5), Fla. Stat. (2010). Accordingly, the court properly ruled that DeSisto’s recovery was capped at $100,000. Zamora v. Fla. Atl. Univ. Bd. of Trs., 969 So.2d 1108, 1110 (Fla. 4th DCA 2007) (holding that recovery of damages pursuant to a FCRA claim against a state agency or subdivision is subject to the cap outlined in section 760.28(5)).

b. Bxcessiveness of Non-Economic Damages

Finally, we hold that the trial court erred in denying the City’s motion for remittitur concerning the jury’s $500,000 pain and suffering award.
“We review an order denying a motion for remittitur or new trial under an abuse of discretion standard.” City of Hollywood v. Hogan, 986 So.2d 634, 647 (Fla. 4th DCA 2008). “When a defendant files a motion for remittitur, the trial court must evaluate the verdict in light of the evidénce presented at trial.” Id. “Remitti-tur cannot be granted unless the amount of damages is so excessive that it shocks the judicial conscience and indicates that the jury has been influenced by passion or prejudice.” Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990, 1002 (Fla. 4th DCA 2004).
In City of Hollywood v. Hogan, 986 So.2d 634 (Fla. 4th DCA 2008), this Court held that a $1.1 million dollar non-economic damages award in an age discrimination suit was grossly excessive when the plaintiff testified that he was embarrassed and hurt by the discrimination, but did not seek psychological counseling and experienced no physical injury. Id. at 649. In arriving at its conclusion, the Hogan court looked to other discrimination cases and noted that $150,000 was the upper threshold for emotional distress awards. Id. It further observed that even in cases where the plaintiff proved the emotional distress caused medical and financial problems, courts remitted awards to below the $100,000 range. Id. In “garden variety” cases where the plaintiff generally testified that it experienced stress without medical or psychological evidence of emotional pain and suffering, courts remitted non-economic damages awards to the $5,000 to $30,000 range. Id. at 650.
While not based in age-discrimination, the facts of this case mirrors the “garden-variety” discrimination cases outlined in Hogan in that DeSisto provided generalized testimony that he experienced stress and presented no proof of physical injury or psychological evidence of emotional pain and suffering as the result of the City’s discrimination. We find the logic of Hogan compelling and, therefore, hold that the $500,000 compensatory damages award for pain and suffering was excessive as a matter of law. Accordingly, we reverse the award for non-economic damages and remand for the trial court to determine a remittitur amount consistent with above outlined criteria.

Affirmed in part, reversed in part, and remanded for further proceedings and judgment consistent with this opinion.

WARNER and CONNER, JJ„ concur.

. Effective to claims arising on or after October 1, 2011, this amount was increased to $200,000. § 768.28(5), Fla. Stat. (2011). De-Sisto’s claim arose when he resigned in 2010.