843 So.2d 1019 (2003)
John A. CASTIELLO, Appellant,
v.
SWEETWATER HOMES OF CITRUS, INC., etc., Appellees.
No. 5D02-2188.
District Court of Appeal of Florida, Fifth District.
May 2, 2003.
*1020 Michael J. Cooper, Ocala, for Appellant.
Glen C. Abbott, Crystal River, for Appellee.
MONACO, J.
We have for consideration a final judgment of foreclosure in favor of the appellee, Sweetwater Homes of Citrus County, Inc. ("Contractor"), and against the appellant, John A. Castiello ("Owner"). The final judgment forecloses a construction lien on the Owner's land, and concludes both that the Contractor did not breach a construction contract with the Owner to build a house on that land, and did not file a fraudulent lien. Based on the findings of fact made by the trial judge and the established case law in this district, we affirm.
The adjudicative facts are that the Owner and Contractor entered into a contract to construct a house on the Owner's real property. When the project went beyond what the Owner believed to be the contracted for construction period, he terminated the Contractor and retained another builder to complete the project. In response, the Contractor filed a construction lien in the amount of $19,762 pursuant to Chapter 713, Florida Statutes, and brought suit to foreclose the lien. The Owner answered and counterclaimed, asserting that the construction lien was fraudulent within the meaning of § 713.31, Florida Statutes, and sought damages for breach of the construction contract.
After a non-jury trial the trial court rendered a detailed final order foreclosing the construction lien for the reduced amount of $2,476. She further concluded that the lien was not fraudulent, and that the Contractor had not breached the contract. In addition, the lower court awarded attorneys' fees of $26,000, plus costs and interest in favor of the Contractor for a total amount of $30,879. The Owner appeals arguing that the trial court abused its discretion in finding that the lien was valid, and asserting that the trial court's interpretation of the contract was incorrect.
Fraudulent liens are governed by § 713.31, Florida Statutes, which provides in essence that a construction lien is considered to be fraudulent if the lienor (1) willfully exaggerates the amount of the lien claimed; or (2) willfully includes a claim for work not performed or materials not furnished for the property upon which the lienor seeks a lien; or (3) compiles the lien with such willful and gross negligence as to amount to a willful exaggeration. Delta Painting, Inc. v. Baumann, 710 So.2d 663 (Fla. 3d DCA 1998); Hobbs Constr. & Dev., Inc. v. Presbyterian Homes of the Synod of Fla., 440 So.2d 673 (Fla. 1st DCA 1983). If there is a minor mistake or a good faith dispute as to the amount owed, however, the statute precludes the finding of a fraudulent lien. See § 713.31(2)(b), Florida Statutes; Delta Painting, 710 So.2d at 664. Thus, a disagreement *1021 regarding the amount of money owed does not convert a good faith dispute into a fraudulent lien. See Scott, P.E. v. Rolling Hills Place, Inc., 688 So.2d 937, 939 (Fla. 5th DCA 1996).
In Stevens v. Site Developers, Inc., 584 So.2d 1064, 1065 (Fla. 5th DCA 1991), this court held similarly that "the amounts claimed as a mechanic's lien and the amount finally allowed by the trial judge do not alone determine the lien to be fraudulent as a matter of law." We pointed out there that the trial judge is invested with the discretion to determine the intent and good or bad faith of the lienor in stating the amount of the lien claimed. Here, the trial judge specifically found that the lien was not "wilfully exaggerated," and that there was "no substantial, competent evidence that the Plaintiff's lien as filed in this matter was not submitted in good faith." The trial judge then said that "the Court finds that the Plaintiff's Lien as filed in this matter was not fraudulent."
It is inappropriate for this court to substitute its judgment for that of the trial court. Lonergan v. Estate of Budahazi, 669 So.2d 1062 (Fla. 5th DCA 1996). The trial judge, as she was entitled to do, chose to give greater weight to witnesses favoring the Contractor and less weight to those favoring the Owner. We will not second guess that determination.
We turn next to the question of whether the lower court misinterpreted the contract. After reviewing the contract de novo we do not believe that there was any material error in the lower court's interpretation. The issues that the Owner truly asks us to focus upon concern the recognition by the trial court of certain excusable delays in extending the time for completion of the contract. Each of the determinations, however, was heavily dependent upon the credibility of the witnesses. As there is competent substantial evidence to support the findings of the trial court, we find no error in this regard either.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.