PHILLIPS, CAROL-LISA, Associate Judge.
 

 Appellants, Zupnik Haverland, LLC and Platte River Insurance Company, appeal the final judgment in favor of Current Builders of Florida, Inc., in which the trial court enforced a foreclosure of a transfer bond on a construction lien. Appellants also appeal the final judgment in favor of the subcontractor, Power Design, Inc., in accordance with a directed verdict. We affirm on all issues, only two of which warrant discussion.
 

 A developer (Zupnik) and contractor (Current) entered into a contract for the construction of an apartment complex. A dispute arose regarding the performance of the contract. The parties entered into a settlement agreement resolving the dispute and agreed to appoint a third party to resolve “punch list” issues, including reviewing the work and determining whether it was completed and the value of the incomplete work. The settlement agreement required Zupnik to make two payments to Current: (1) $480,000.00, payable to Current within fifteen days of mutual acceptance of a certificate of payment, and (2) $60,000.00, to be placed in escrow in the same time frame but not be disbursed until Current completed the work contemplated in the agreement. The third party could hold back amounts from the escrow for the value of work deemed incomplete. Current’s work included certain parking lot work, which was not part of the construction contract but requested by Zupnik as part of the settlement agreement.
 

 Current submitted to Zupnik the certificate of payment, which Zupnik forwarded to the project architect with instructions to approve it, which he did. Zupnik never paid Current the $480,000.00, nor placed the $60,000.00 in escrow, as required by the settlement agreement.
 

 Current completed the parking lot work and recorded its amended claim of lien for the entire $540,000 owed under the settlement agreement. Zupnik disputed Current’s claim that it had completed all of the
 
 *1134
 
 work required by the settlement agreement, so the parties appointed Richard Slider, P.E., as the third party to resolve the punch list issues. In his final report, Slider stated that Current had not completed only a handful of items he valued at $13,891.
 

 Current sued Zupnik for breach of the settlement agreement and against both Zupnik and its surety to foreclose the lien against the transfer bond. Zupnik counterclaimed for breach of the agreement and fraudulent lien, asserting it was untimely recorded and willfully exaggerated.
 

 Appellants contend that the trial court erred in excluding from evidence the expert testimony regarding latent defects and building code violations resulting from the contractor’s work on the stairs. The trial court’s decisions regarding exclusion of evidence are reviewed for abuse of discretion.
 
 Nationwide Mut Fire Ins. Co. v. Bruscarino,
 
 982 So.2d 758, 754 (Fla. 4th DCA 2008). Further, a trial court has broad discretion in determining the range of subjects on which an expert witness will be allowed to testify.
 
 State v. Townsend,
 
 635 So.2d 949, 958 (Fla.1994). We hold that the trial court did not abuse its discretion by excluding the expert’s testimony.
 

 Appellants also contend that the trial court erred in enforcing the contractor’s construction lien in a separate non-jury proceeding because it was untimely filed and willfully exaggerated. The ruling on a motion for directed verdict is reviewed de novo.
 
 Flagstar Cos., Inc. v. Cole-Ehlinger,
 
 909 So.2d 320, 321 (Fla. 4th DCA 2005). A trial court should grant a motion for directed verdict “only when the evidence shows that the jury could not reasonably differ as to the existence of a material fact.”
 
 Union Carbide Corp. v. Kavanaugh,
 
 879 So.2d 42, 44 (Fla. 4th DCA 2004).
 

 The lower court’s ultimate factual determinations during a non-jury trial may not be disturbed on appeal unless shown to be unsupported by competent and substantial evidence or to constitute an abuse of discretion.
 
 Berlin v. Pecora,
 
 968 So.2d 47, 50 (Fla. 4th DCA 2007),
 
 rev. denied,
 
 982 So.2d 684 (Fla.2008).
 

 As for the developer’s argument that the lien was untimely filed,
 
 [1]
 
 the record reflects otherwise. The “punch list” was a blending of work to be performed pursuant to the contract and additional work required under the settlement agreement. While some of the work may not have tolled the time to record a lien, the parking lot work was additional work not in the scope of the original contract. This court has stated that “there are no steadfast rules to apply to determine if work constitutes a ‘final furnishing’; rather, the lower courts are to apply the
 
 Aronson
 
 test.”
 
 Michnal v. Palm Coast Dev., Inc.,
 
 842 So.2d 927, 933 (Fla. 4th DCA 2003),
 
 rev. denied,
 
 882 So.2d 385 (Fla.2004) (citing
 
 Aronson v. Keating,
 
 386 So.2d 822 (Fla. 4th DCA 1980)). The parking lot work fulfilled the elements of the
 
 Aronson
 
 test in that it was done (1) in good faith, (2) within a reasonable time, (3) in pursuance of the terms of the contract, and (4) was necessary to do a “finished job.”
 
 See id.
 

 The developer also contends that the construction lien was fraudulent, because the contractor willfully exaggerated the amount of the lien. “[A] good faith dispute as to the amount due does not constitute a willful exaggeration that oper
 
 *1135
 
 ates to defeat an otherwise valid lien.” § 713.31(2)(b), Fla. Stat. It is within the trial court’s discretion to determine the intent and good or bad faith of the lienor, and thus, it would be inappropriate for this court to substitute its judgment for that of the lower court.
 
 Castiello v. Sweetwater Homes of Citrus, Inc.,
 
 843 So.2d 1019, 1021 (Fla. 5th DCA 2003). Further, a disagreement regarding the amount of money owed does not convert a good faith dispute into a fraudulent lien.
 
 Id.
 
 at 1020-21. Here, the undisputed testimony reflects that the contractor believed in good faith that, at the time it recorded its lien, it had completed all of the work required under the settlement agreement and, therefore, was entitled to receive the full amount listed in the lien.
 

 We affirm as to all other issues raised without further discussion.
 

 Affirmed.
 

 STEVENSON and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Section 713.08, Florida Statutes, provides that a claim of lien "may be recorded at any time during the progress of the work or thereafter, but not later than 90 days after the final furnishing of the labor or services or materials by the lienor.”