GERBER, J.
 

 The prospective buyers of a home sued the seller for breach of contract based on the seller’s failure to complete the home within twenty-four months of the contract’s execution as the contract required. The seller argued that the buyers anticipa-torily breached the contract. After a non-jury trial, the trial court rejected the seller’s defense and entered a final judgment for the buyers. We affirm the final judgment, but for reasons slightly different than those which the trial court articulated.
 

 The seller based its anticipatory breach defense upon a letter which the buyers’ counsel sent to the seller’s counsel four months before the twenty-four month period expired. The letter stated, in pertinent part:
 

 It is my understanding that the home is near completion and will be ready for closing shortly. I am hereby requesting a copy of the Title Commitment and all its exceptions....
 

 Moreover, I understand that the value of the home has decreased significantly from the time of Agreement. With this in mind
 
 my client may not be able to obtain financing under the same terms and conditions as originally intended.
 
 It was represented to my clients that the home would most assuredly appreciate from the time of contract to the time of closing. This material misrepresentation induced my clients to enter into the Agreement.
 
 Your client’s fraudulent misrepresentation may render closing impossible.
 

 (emphasis added). The buyers’ counsel went on to request, in addition to the title commitment, copies of the settlement statement; the certificate of occupancy; the warranty deed; the bill of sale; the owner’s affidavit; the survey; the current budget for the homeowners’ association;
 
 *474
 
 proof of the seller’s corporate status including a certificate of incumbency; the estoppel letter from the seller’s lender; and the homeowners’ association documents. The buyers’ counsel ended the letter with the statement: “Once I have had the opportunity to review the foregoing items, I will apprize [sic] you as to my client’s [sic] position.”
 

 The seller’s counsel responded to the buyers’ counsel with a letter which stated, in pertinent part:
 

 [The buyers’] Contract is considered to be an “all cash” contract at this point in time and therefore your declaration that the [buyers] may not be able to obtain financing is not germane to their obligation to close this purchase transaction.
 

 You are correct that the home is near completion and the Certificate of Occupancy will be obtained very shortly. With respect to your request to receive the draft of a Settlement Statement, Seller’s conveyance documents, etc., the Contract contains no provision which obligates the Seller to transmit the same at this time.
 
 We will of course sent [sic] these types of documents for your review once we schedule a closing date and time and your client[s] confirm[] that they are in fact closing (and we receive a copy of a loan commitment and a loan title policy commitment request/order from the Buyers’ lender, if
 
 any).
 

 If your client fails to close the purchase of the Unit as required by the Contract, Buyer[s][are] hereby advised that Buyer[s] will be deemed to be in default,
 
 and all deposits that have [been] paid will be retained by [Seller], Further, [Seller] will reserve any and all other legal remedies it may have against the Buyer[s] in connection with Buyers’] default including immediately instituting a lawsuit seeking the above described consequential damages.
 

 (emphasis added).
 

 The buyers’ counsel never replied to the seller’s counsel’s letter. As a result, the seller did not complete the home, obtain the certificate of occupancy, or schedule a closing date within twenty-four months of the contract’s execution. Instead, after the twenty-four month period expired, the seller completed the home and sold it to a new buyer.
 

 The buyers then sued the seller for breach of contract based on the seller’s failure to complete the home within twenty-four months of the contract’s execution. The buyers sought as a remedy the return of their deposits. In response, the seller alleged, as an affirmative defense, that the buyers anticipatorily breached the contract by “stating they were canceling the contract.” At the non-jury trial, the seller relied on the contract’s section 8.11, which provides, in pertinent part:
 

 If hereafter Buyer informs Seller in writing that Buyer intends to terminate this agreement, or
 
 may be unable or unwilling to close,
 
 Seller may treat same as an anticipatory breach by Buyer unless Buyer provides assurances reasonably satisfactory to Seller that Buyer has the financial ability to close and will close.... If Buyer fails to do so within 10 days after written request by Seller, Buyer shall be deemed in default. ...
 

 (emphasis added).
 

 The trial court rejected the seller’s defense and entered a final judgment for the buyers. The trial court found that, given the total context of the buyers’ counsel’s letter, the letter “could not be construed as an indication that the [buyers] would not close on the home and is deemed by the Court not to be an anticipatory breach.”
 
 *475
 
 The court also found that the seller’s counsel’s letter did not require a response from the buyers to confirm that they were going to close. The court therefore concluded that the seller breached the contract by failing to complete the home within twenty-four months of the contract’s execution.
 

 The seller then filed this appeal, arguing that the trial court erred by finding that the buyers did not anticipatorily breach the contract and that the seller breached the contract. We employ a mixed standard of review.
 
 See Zupnik Haverland, L.L.C. v. Current Builders of Fla., Inc.,
 
 7 So.3d 1132, 1134 (Fla. 4th DCA 2009) (“The lower court’s ultimate factual determinations during a non-jury trial may not be disturbed on appeal unless shown to be unsupported by competent and substantial evidence or to constitute an abuse of discretion.”) (citation omitted);
 
 Acoustic Innovations, Inc. v. Schafer,
 
 976 So.2d 1139, 1143 (Fla. 4th DCA 2008) (“[Wjhere a trial court’s conclusions following a non-jury trial are based upon [alleged] legal error, the standard of review is
 
 de novo.”).
 

 We disagree with the trial court’s finding that the buyers! counsel’s letter “could not be construed as an indication that the [buyers] would not close on the home” and could not be treated as an anticipatory breach. The buyers’ counsel’s letter informed the seller that the buyers “may not be able to obtain financing” and that the seller’s alleged fraudulent misrepresentation “may render closing impossible.” Kegardless of the buyers’ reasoning or possible motives, we interpret their counsel’s choice of language as falling under the contract’s section 8.11 provision that the buyers “may be unable or unwilling to close,” thereby allowing the seller to “treat same as an anticipatory breach.”
 

 The buyers argue that we should not find their counsel’s letter as rising to the level of anticipatory repudiation because the statements contained therein were not “distinct, unequivocal, and absolute.”
 
 See Mori v. Matsushita Elec. Corp. of Am.,
 
 380 So.2d 461, 463 (Fla. 3d DCA 1980) (“A prospective breach of the contract occurs when there is absolute repudiation by one of the parties prior to the time when his performance is due under the terms of the contract. Such a repudiation may be evidenced by words or voluntary acts but the refusal must be distinct, unequivocal, and absolute.”). We do not need to apply that high standard to this case. Here, the parties defined an anticipatory breach in section 8.11 merely as the buyers informing the seller in writing that they
 
 “may
 
 be unable or unwilling to close” (emphasis added). The buyers’ counsel’s letter met that lower standard.
 

 The seller’s problem here was that, in response to the buyers’ counsel’s letter, it did not treat the buyers’ counsel’s letter as an anticipatory breach as provided in the contract’s section 8.11. That is, the seller’s counsel’s response letter to the buyer’s counsel did not: (1) refer to section 8.11; (2) state that the seller was treating the buyers’ counsel’s letter as an anticipatory breach; (3) request that the buyers “provide assurances reasonably satisfactory to Seller” that the buyers had “the financial ability to close and will close”; or (4) refer to the ten-day deadline which section 8.11 imposes. Instead, the seller’s counsel’s letter stated that the seller intended to “schedule a closing date,” after which the seller expected the buyers to confirm “that they are in fact closing” and to provide “a loan commitment and a loan title policy commitment request/order from the Buyers’ lender.” The seller’s counsel’s letter further stated that if the buyers failed to close,
 
 then
 
 the seller would deem the buyers to be in default. In short, the seller ignored its own contract’s anticipatory breach remedy, and in
 
 *476
 
 stead focused its attention on closing. However, the seller never scheduled the closing as provided in the contract’s section 3.1, which provides that “Seller will notify Buyer[s] of the time, place and date of closing.” Instead, after the twenty-four month period expired, the seller completed the home and sold it to a new buyer. By pursuing that path, the seller breached the contract by failing to complete the home within twenty-four months of the contract’s execution.
 

 Thus, although the trial court incorrectly found that the buyers’ counsel’s letter could not be treated as anticipatory breach, the trial court ultimately reached the right result by concluding that the seller: (1) did not treat the buyers’ counsel’s letter as an anticipatory breach; and (2) later breached the contract. Therefore, we affirm.
 
 See Dade Cnty. Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”).
 

 Affirmed.
 

 STEVENSON and TAYLOR, JJ., concur.