GERBER, J.
In this case involving underground utilities interfering with a county road expansion project, the utility company appeals from the circuit court’s final judgment awarding damages to the county’s contractor for the costs incurred to avoid the interference. The utility company argues that sections 337.403 and 337.404, Florida Statutes (1999), provide the exclusive remedy for such interference situations, and the county failed to pursue that remedy. We disagree with that argument and affirm.
Before the project began, the county sent the utility company a copy of the project’s initial plans and a letter requiring the utility company to relocate its utilities if they interfered with the project. The utility company’s relocation coordinator, recognizing that the utility company’s duct bank may interfere with the project, stated in an internal email:
I think we should have our duct bank located, soft dig to verify the exact depth of the duct bank_If we pothole now and verify where we are, it will save us a lot of headaches down the road.
That same day, the utility company’s relocation coordinator sent a letter to the county requesting that the county shift certain structures for the project. However, the letter did not mention the duct bank’s possible interference with the project.
Following that letter, the utility company did not verify the duct bank’s depth. Instead, the utility company forwarded its existing records for the duct bank’s depth to the county’s engineer. The county’s engineer relied on those records to finalize the project’s plans.
*1018 As the county’s contractor was installing a drainage pipe for the project, the contractor discovered the duct bank, which was interfering with the drainage pipe’s path. It then became known that the utility company’s records for the duct bank’s depth were inaccurate. The county had its engineer redesign the drainage pipe to travel below the duct bank. The drainage pipe’s redesigned installation caused the contractor to incur more costs and spend more time on the project than originally expected.
The county agreed to pay the contractor’s costs related to the drainage pipe’s redesigned installation. In exchange, the county assigned to the contractor its rights to recover those costs from the utility company. If the contractor recovered those costs from the utility company, the contractor was required to return those costs to the county.
The contractor, as the county’s assignee, sued the utility company. The contractor alleged that the utility company was negligent in failing to remove or relocate the duct bank which interfered with the project. The contractor sought to recover the additional costs incurred in remedying the interference. In response, the utility company argued that sections 337.403 and 337.404 provided the county with the exclusive remedy of requiring the interfering utilities to be removed or relocated before damages could be awarded. Because the county failed to pursue that remedy, the utility company argued, summary judgment in its favor was appropriate. The circuit court denied the motion.
After a non-jury trial, the circuit court found in the contractor’s favor on the negligence claim. The court entered a final judgment in the contractor’s favor for the damages which the contractor sought from the utility company.
This appeal followed. The utility company argues that the circuit court erred in denying the motion for summary judgment and entering final judgment for the contractor on the negligence claim. As in the circuit court, the utility company contends that sections 337.403 and 337.404 provided the county with the exclusive remedy of requiring the interfering utilities to be removed or relocated before damages could be awarded, and because the county failed to pursue that remedy, summary judgment in its favor was appropriate. Based on that argument, our review is de novo. See Hill v. Davis, 70 So.3d 572, 575 (Fla.2011) (“Because this issue is one of statutory interpretation, review is de novo.”) (citation omitted); Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001) (“The standard of review governing a trial court’s ruling on a motion for summary judgment posing a pure question of law is de novo.”) (footnote omitted); Shelby Homes at Millstone, Inc. v. Cullinane, 61 So.3d 472, 475 (Fla. 4th DCA 2011) (where a trial court’s conclusions following a non-jury trial are based upon alleged legal error, the standard of review is de novo) (citation omitted).
We disagree with the utility company’s argument. The utility company has not cited any applicable case law supporting its argument that sections 337.403 and 337.404 provided the county with the exclusive remedy of requiring the interfering utilities to be removed or relocated before damages could be awarded. On the contrary, as our supreme court stated in Thornber v. City of Fort Walton Beach, 568 So.2d 914 (Fla.1990):
Whether a statutory remedy is exclusive or merely cumulative depends upon the legislative intent as manifested in the language of the statute. The presumption is that no change in the common law is intended unless the statute is explicit *1019 and clear in that regard. Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.
Id. at 918 (citations omitted).
Here, sections 337.403 and 337.404 do not unequivocally state that they change the common law, nor are those statutes so repugnant to the common law that the two cannot coexist. Section 337.403 provides, in pertinent part:
(1) Any utility heretofore or hereafter placed ... under ... any public road ... that is found by the authority to be unreasonably interfering in any way with the ... expansion ... of such public road ... shall, upon 30 days’ written notice to the utility [company] ... by the authority, be removed or relocated by such utility [company] at its own expense....
[[Image here]]
(3) Whenever an order of the authority requires such removal or [relocation] of any utility from the right-of-way of a public road ... and the [utility company] fails to remove or [relocate] the same at [its] own expense to conform to the order within the time stated in the notice, the authority shall proceed to cause the utility to be removed....
§ 337.403, Fla. Stat. (1999). Section 337.404 then provides, in pertinent part:
(1) Whenever it shall become necessary for the authority to remove or relocate any utility as provided in the preceding section, the [utility company] shall be given notice of such removal or relocation and an order requiring the payment of the cost thereof, and shall be given reasonable time, which shall not be less than 20 nor more than 30 days, in which to appear before the authority to contest the reasonableness of the order....
§ 337.404, Fla. Stat. (1999) (emphasis added).
The phrase which we have emphasized from section 337.404, “[w]henever it shall become necessary for the authority to remove or relocate any utility,” is significant in the instant case. Here, the record evidence indicates that it was not necessary for the county to require the interfering duct bank to be removed or relocated to continue with the project. Rather, the county was able to have its engineer redesign the drainage pipe installation to travel below the duct bank. Because the utility company’s negligence caused the need for that redesigned installation, and because the county’s contractor incurred additional costs related to that redesigned installation, a common law damages award against the utility company and in favor of the county’s contractor was legally correct.
As to the other arguments which the utility company raises in this appeal, we affirm without further discussion.

Affirmed.

TAYLOR and CIKLIN, JJ., concur.