# Third District Court of Appeal
## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-2309, 3D22-338
Lower Tribunal No. 20-22784
_____

**IET, Inc., etc., et al.,**
Appellants,

vs.

**Intellocorp, LLC, etc., et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Charles Johnson, Judge.

EPGD Attorneys at Law, P.A., and Samuel J. Gittle and Alberto M. Manrara, for appellants.

The Ferro Law Firm, P.A., and Simon Ferro, for appellees.

Before HENDON, GORDO and LOBREE, JJ.

HENDON, J.

Dr. Scott Hartnett ("Hartnett"), EWCO, LLC, and IET, Inc. appeal from an October 27, 2021, Omnibus Order finding Hartnett breached a settlement agreement with Intellocorp, LLC, and Morten Larsen ("Larsen") (collectively, "Intellocorp"), and that Intellocorp was entitled to attorney's fees, and the final judgment awarding Intellocorp $27,811.25 in attorney's fees. We affirm.

Intellocorp is wholly owned and controlled by Larsen. Appellant IET was equally owned by Liquid Matters LLC, a company wholly owned and controlled by Hartnett and by Intellocorp. Hartnett and Larsen were business partners in IET: Hartnett was IET's chair and president, and Larsen was IET's vice chair and vice president.

In October, 2020, Intellocorp alleged that Hartnett illegally took over IET and sold IET's inventory to Hartnett's other company, EWCO. Hartnett, on the other hand, claimed that Larsen perpetrated fraud by making false representations to induce him into investing in IET via Harnett's company, Liquid Matters. Intellocorp, derivatively and on behalf of IET, filed a complaint against IET (as a nominal party), Hartnett, and EWCO (collectively, "Hartnett Defendants"), alleging breach of fiduciary duty, conversion, unjust enrichment, equitable accounting as to EWCO, equitable accounting against Hartnett as to IET, civil theft against Harnett,

and injunctive relief against all of the Hartnett defendants. Hartnett filed a counterclaim alleging that Larsen schemed to defraud Hartnett, IET, and IET's customers. Both parties filed motions for injunctions against the other. In March 2021, the parties executed a Settlement Agreement to resolve the litigation, and to divide IET's assets and wind up IET's operations.[1]

On April 29, 2021, Hartnett's counsel sent a cease-and-desist letter to Intellocorp's counsel alleging Intellocorp had committed a breach of the

---

[1] The Settlement Agreement included, among other provisions, that Larsen would receive the website Ecoloxtech.com; the parties would be allowed to use the "Ecoloxtech" logo to sell the Eco One systems; upon signing of the Settlement Agreement, IET would otherwise immediately become a defunct entity; the parties shall not use IET for any business purpose whatsoever; and neither party would make any representation whatsoever, directly or indirectly, to any third party regarding the ownership of IET. Further, the parties agreed that in the event of a breach of the Settlement Agreement, the non-breaching party is required to provide a written notice of the breach to the breaching party briefly describing the nature of the alleged breach, and giving the breaching party ten days to cure. If the noticed breach has not been cured within the ten-day cure period, the Settlement Agreement provided that the breaching party would be in default, and the non-breaching party shall be entitled to all of its attorney's fees and costs involved with the enforcement of the Settlement Agreement. Further, the parties agreed that any notice required shall be in writing and shall be made via overnight Federal Express and by email. Finally, the parties agreed that the Settlement Agreement and its terms are confidential, and that the parties "will not, directly or indirectly, discuss, publish or in any other way disseminate the terms of the [Settlement] Agreement, the existence of the [Settlement] Agreement, or anything related to the [Settlement] Agreement with any other person."

Settlement Agreement by using the "Ecoloxtech" logo in an invoice. Relevant to this appeal, Hartnett did not send the notice to Intellocorp's counsel via overnight FedEx as required by the Settlement Agreement. On May 5, 2021, Hartnett's counsel sent a letter to BigCommerce, the company that hosts Intellocorp's website, Ecoloxtech.com, claiming that Intellocorp was infringing on IET's trademark rights. Hartnett alleged he was the owner of IET, and affixed the Ecoloxtech logo to the letter. On May 10, 2021, Intellocorp filed a motion to enforce the Settlement Agreement, alleging Hartnett breached the Settlement Agreement by, among other things, sending the May 5 letter to BigCommerce in which Hartnett represented to BigCommerce that he was the sole owner of IET, Inc., in violation of the Settlement Agreement. That same day, Hartnett's counsel sent a second cease-and-desist letter to Intellocorp's counsel asserting breach of the Settlement Agreement.

Hartnett filed a response in opposition to Intellocorp's motion to enforce, and a competing motion to enforce arguing that the court should deny the motion to enforce because Intellocorp was the first one to violate explicit restrictions of the Settlement Agreement by misusing the Ecoloxtech logo in advertising, promoting, and selling certain products. Hartnett also asserted that Intellocorp had failed to give notice to Hartnett

4

of the breaches alleged in its motion to enforce, and denied that its May 5 letter to Larsen's website provider was a breach of the Settlement Agreement. Further, Hartnett asserted that the ten-day cure period triggered by Hartnett's first and second notices of breach to Intellocorp's counsel had lapsed without Intellocorp curing the breach, thus Intellocorp was in default of the Settlement Agreement.

The trial court held five evidentiary hearings.[2] Hartnett initially argued that Intellocorp's motion to enforce should be summarily denied without an evidentiary hearing because Intellocorp did not give Hartnett notice and an opportunity to cure. Intellocorp countered that the trial court should proceed with an evidentiary hearing, arguing that the breaches in the May 5 letter could not be cured, thus giving notice and opportunity to cure would have been futile. At the trial court's request, the parties submitted briefs on whether the doctrine of futility could excuse performance of a contractual obligation.

The trial court concluded that Hartnett first breached the Settlement Agreement by its May 5, 2021, letter to BigCommerce, the company that

---

[2] Although there are no transcripts of the evidentiary hearings, other portions of the record sufficiently indicate that arguments on appeal were raised and addressed at the hearings, e.g., court ordered briefs on issue of futility. See Chaiken v. Suchman, 694 So. 2d 115, 117 (Fla. 3d DCA 1997) (finding lack of transcripts of attorney's fee hearing no impediment to appeal where record showed issues had been raised below).

5

hosts Intellocorp's website. The trial court granted Intellocorp's motion to enforce, and denied Hartnett's motion to enforce, and awarded Intellocorp entitlement to attorney's fees and costs. The court further determined that Intellocorp was not in breach of the Settlement Agreement because the ten-day cure period had not lapsed and because Hartnett's company, Liquid Matters, had initially failed to give adequate notice of the breach to Intellocorp. According to the trial court, the first breach of the Settlement Agreement was Hartnett's May 5 letter to BigCommerce, representing himself as owner of IET in violation of the Settlement Agreement. Further, the trial court concluded that Hartnett used the Ecoloxtech logo for a purpose other than selling the product, also a violation of the Settlement Agreement. The trial court issued the Omnibus Order on Motions to Enforce, and Hartnett appealed.

Analysis

To the extent an appeal implicates the interpretation of a settlement agreement, our standard of review is de novo. Com. Cap. Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007). Findings of fact derived from the evidentiary hearing, however, "may not be disturbed on appeal unless shown to be unsupported by competent and substantial evidence or to constitute an abuse of discretion." Sakowitz v. Waterside

6

Townhomes Cmty. Ass'n,, 338 So. 3d 26, 28 (Fla. 3d DCA 2022) (citing Zupnik Haverland, LLC v. Current Builders of Fla., Inc., 7 So. 3d 1132, 1134 (Fla. 4th DCA 2009)).

The record shows that Hartnett sent the first notice of breach to Intellocorp on April 29, 2021. During the ten-day cure period, Hartnett sent the May 5, 2021, letter to BigCommerce and to other of Intellocorp's social media sites. On May 5, 2021, Intellocorp was still within the ten-day cure period initiated by Hartnett's April 29, 2021 cease-and-desist letter. Further, although the April 29, 2021 letter was sent to Intellocorp's counsel via email, the record supports the trial court's finding that Hartnett's April 29 letter was not also sent by overnight FedEx, as both methods are required by the Settlement Agreement. Importantly, the trial court accepted Larsen's uncontroverted testimony that the disputed invoice with the IET logo had been automatically generated and that the system was immediately fixed within the ten-day cure period, such that the Ecoloxtech logo did not appear on subsequent invoices. As the trial court's factual findings are supported by competent and substantial evidence in the record, we find no abuse of discretion in the trial court's conclusions.

Next, Hartnett alleges that Intellocorp did not give Hartnett notice and opportunity to cure its May 5, 2021 letter breach to BigCommerce and

7

Intellocorp's other social media accounts. Under the futility doctrine, a party may be excused from performing a condition precedent to enforcement of the contract, if performance of the condition would be futile. Allegro at Boynton Beach, LLC v. Pearson, 287 So. 3d 592 (Fla. 4th DCA 2019); 11 Fla. Jur. 2d Contracts § 263. The condition precedent to Intellocorp's enforcement of the Settlement Agreement is Hartnett's cure of its disclosure to BigCommerce, and other Intellocorp social media platforms, of the Settlement Agreement, other confidential documents, and details of the litigation between the parties. That is the singular, cat-out-of-the-bag, breach of the Settlement Agreement's provisions that cannot be cured. For this reason, we conclude that the trial court correctly determined that notice and opportunity to cure would be, at least for that violation, futile.[3]

Finally, Hartnett argues that the trial court did not award attorney's fees and costs pursuant to the express terms of the Settlement Agreement. That provision states, in pertinent part:

> If the noticed breach(es) has not been cured within the Cure Period, the breaching Party is then in Default of this Agreement

---

[3] Hartnett argues that the trial court failed to apply the doctrine of futility equally to Intellocorp. We find this argument meritless. Hartnett alleged only one breach in his initial cease-and-desist letter to Intellocorp, the use of the IET logo on one invoice. The trial court found, as a factual matter, that Intellocorp actually cured this breach within the ten-day cure period. Thus, the doctrine of futility did not apply to Intellocorp on this issue.

and the non-breaching Party to whom the breached obligation was owed shall be entitled to all of its attorneys' fees and costs involved with the enforcement of this Agreement and collection of any moneys owed under this Agreement.

The record shows that Hartnett failed to present any evidence that the breaches contained in the May 5, 2021, letter could have been cured. As a result, Intellocorp was excused from giving notice and an opportunity to cure because doing so would have been futile. As no notice and opportunity to cure afforded to Hartnett would have had the desired outcome, the provision in the Settlement Agreement for a non-curing party makes Hartnett the breaching party in default under these factual and legal circumstances. Thus, Intellocorp is entitled to its attorney's fees and costs.

Accordingly, we affirm.

9